In the Matter of KENNETH RUBINSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 1986

## APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Roderick C. Lankler* of counsel *(Lankler Siffert & Wohl,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in this Department on April 28, 1980. While employed as an associate with the law firm of Fried, Frank, Harris, Shriver and Jacobson, respondent engaged in insider trading, using information gained during his legal work to earn substantial profits in the stock market in violation of Federal securities laws. Although respondent eventually voluntarily desisted from his illicit conduct, he, nevertheless, became the target of an S.E.C. investigation and on June 21, 1982, the S.E.C. commenced an enforcement action against him seeking injunctive relief and disgorgement of his illegal profits. From the outset of the S.E.C. investigation, respondent voluntarily discontinued the practice of law. Thereafter, he cooperated fully with the S.E.C., waived prosecution by indictment, and pleaded guilty to two felony counts of insider trading in violation of 15 USC § 78p and § 78ff; rule 10b-5 (17 CFR 240.10b-5); and 15 USC § 78n (e) and § 78ff; rule 14e-3 (17 CFR 240.14e-3). On September 23, 1983, respondent was sentenced to a 2½-year probationary term during which he was to perform 500 hours of community service.

By order of this court entered January 24, 1984, in response to a "serious crime" petition by the DDC pursuant to Judiciary Law § 90 (4) (d), respondent was suspended from practice and the matter was referred to the Departmental Disciplinary Committee (DDC) to act as Referee to report and recommend the final discipline to be imposed. After a hearing, the DDC panel issued the recommendation now before this court.

The findings of the DDC panel indicate that respondent's misconduct, although serious and prolonged, constituted the sole such episode in an otherwise exemplary professional career and personal life. An immigrant to this country, born in a displaced persons' camp in Munich at the conclusion of the second World War, respondent grew up on Manhattan's lower east side. Despite earlier hardships respondent had a highly successful academic career. After graduating in 1968 from Baruch School of Business and Public Administration in the top 10% of his class with honors, respondent went to live in Israel where he served in and was decorated by the Israeli

Army. He returned to this country in 1975 and attended New York University Law School. He graduated in the top quarter of his class and then went to work as an associate with Fried, Frank. By all accounts, respondent showed great promise as an attorney until the regrettable behavior leading to his felony conviction and suspension from practice. Respondent has been married since 1968 and has three children. The record shows that he has shown a strong interest in community affairs. During his probationary term respondent has used his legal training to good purpose, working without fee for Westchester Legal Services under the supervision of its director, Gerald Norlander, whom he assisted in projects concerning the educational rights of jailed youths. Respondent indicates the desire to continue *pro bono* work as an attorney once he is reinstated.

It is of paramount importance that respondent has recognized for some time that what he did was wrong. As noted above, respondent desisted from his unlawful conduct voluntarily. He has not tried to avoid responsibility for his misbehavior and has cooperated at every stage of the S.E.C. investigation and Federal prosecution, as well as the departmental disciplinary proceedings. Respondent's remorse was noted by Judge Lasker when the Federal probationary sentence was imposed. His contrition was also evident to the DDC panel.

Respondent's appreciation of the seriousness of his misconduct, the stability of his personal life, and his potential for a responsible and legitimately rewarding career before the Bar would seem to render the risk of further misconduct negligible. The purpose of professional discipline is not punishment, which has in any event been meted out in this case by the Federal court, but the protection of the public against dishonest and incompetent practitioners. (*Matter of Levy,* 37 NY2d 279, 282 [1975]; *Matter of Rotwein,* 20 AD2d 428 [1st Dept 1964].) As there is every reason to expect that respondent will henceforth uphold the highest standards of the Bar, it would appear that the ends of the disciplinary process have been achieved.

We note that the DDC panel has recommended that respondent's final discipline consist of a period of suspension to last from January 24, 1984 until March 23, 1986, the latter date marking the end of respondent's probationary term. Respondent must, however, take and pass the Multistate Professional Responsibility Examination before an order reinstating him can be entered. (22 NYCRR 603.14 [b] [ii].) He indicates that

he will sit for the examination in November of this year. We think it appropriate that the length of respondent's period of suspension reflect the time needed to comply with the mandate of the above-cited regulation, at least to the extent of encompassing the time reasonably necessary for respondent to sit for the exam once and receive the results.

Accordingly, respondent's final discipline is a period of suspension lasting from January 24, 1984 until January 24, 1987. Upon submission to this court of proof that he has taken and passed the Multistate Professional Responsibility Examination, respondent may apply for an order of reinstatement without further hearings.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective January 24, 1984 until January 24, 1987 and until the further order of this court, as indicated.