In the Matter of ANDREW D. SOLOMON (Admitted as ANDREW DEAN SOLOMON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 25, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Roderick C. Lankler* of counsel *(Lankler Siffert & Wohl,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew D. Solomon was admitted to the practice of law by the First Department on March 4, 1985, under the name Andrew Dean Solomon. By order of this court entered March 26, 1987 (126 AD2d 227), respondent was suspended from the practice of law on the basis of his June 5, 1986 plea of guilty to conspiracy to engage in insider trading in violation of 18 USC § 371. In connection with his plea, respondent was sentenced on November 26, 1986, to one year probation, a $10,000 fine, and 250 hours of community service work.

Upon suspension, this court referred the matter of appropriate sanction to be imposed for the Federal felony conviction to the Departmental Disciplinary Committee for a hearing and report. On November 30 and December 14, 1987, the Committee Hearing Panel conducted a hearing at which respondent testified regarding his illegal conduct and his subsequent cooperation with the United States Attorney and the Securities and Exchange Commission. Respondent described how, while working in the arbitrage department of Marcus Schloss, he was instructed by superiors to acquire information regarding impending takeovers from any source. In October 1985, respondent became acquainted with one Michael David, an associate with a major law firm, and over the next six months, David provided respondent with insider information regarding six proposed transactions in which his firm's clients were involved. Respondent passed the insider information on to his supervisor, and Marcus Schloss traded upon it in three instances.

On March 26, 1986, government investigators questioned respondent about his relationship with David. This inquiry prompted respondent to cooperate with the authorities, and that evening he wore a tape recorder to a meeting with David and another colleague, during which discussions took place regarding what respondent would tell to the SEC investigators the following day. Based upon the information taped by respondent, both David and the colleague were subsequently arrested. Respondent continued to cooperate with the government in the ensuing administrative and criminal proceedings.

A reading of the transcript indicates that respondent did

not personally trade on the insider information, and that his sole motivation was a desire to be held in high regard by his employers, so as to render him eligible for a bonus at the end of the year. At the close of 1985, respondent did receive a $5,000 bonus from Marcus Schloss. The hearing transcript further indicates that respondent candidly testified about his actions, and was forthright about his awareness of and responsibility for his illegal conduct. In addition, respondent seemed to the Panel to be genuinely contrite and remorseful.

Respondent has successfully concluded his probation as of November 1987 and has similarly completed his community service work, which he performed by working for the Legal Aid Society. In addition, respondent has paid the fine he was assessed in total. Since leaving Marcus Schloss, respondent has been gainfully employed as a manager in his family's mattress factory.

On January 5, 1988, the Panel issued its report recommending that respondent be suspended from the practice of law for one year, effective as of the date of the original suspension order, March 26, 1987. Based upon respondent's full cooperation with law enforcement authorities, and his contrition and remorse, the Disciplinary Committee has submitted an affidavit recommending confirmation of the Hearing Panel report and adoption of the one-year retroactive suspension. In addition, the Committee recommends that respondent be reinstated without any further proceedings at the expiration of the one-year period, provided that he submits proof of successful passage of the Multistate Professional Responsibility Examination.

In light of all of the circumstances, the Hearing Panel's findings of fact and conclusions of law issued January 5, 1988, are hereby confirmed, the petition is granted, and respondent Andrew D. Solomon is suspended for a period of one year, effective March 26, 1987, to be reinstated without further proceedings at the expiration thereof, upon submission of proof that he has passed the Multistate Professional Responsibility Examination.

KUPFERMAN, J. P., ROSS, CARRO, MILONAS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective March 26, 1987, as indicated.