In the Matter of JOEL WINOGRAD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 1989

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Paul B. Bergman, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the second Judicial Department on March 22, 1967 and, at all

relevant times, has maintained an office for the practice of law in the First Department.

On March 3, 1989, respondent was convicted, upon a guilty plea, in the United States District Court for the Eastern District of New York, of attempting to evade income taxes, in violation of 26 USC § 7201, and was sentenced to probation for a period of five years and ordered to perform 300 hours of community service for each year of probation and to pay all penalties and fines assessed by the Internal Revenue Service, or $100,000, if not so paid (most of it has already been paid).

The Departmental Disciplinary Committee seeks an order determining that the Federal felony, of which respondent was convicted, is a "serious crime", as defined in Judiciary Law § 90 (4) (d) and section 603.12 (b) of the rules of this court (22 NYCRR), and suspending him from practice, pursuant to Judiciary Law § 90 (4) (f), and directing him to show cause within 30 days, why a final order of censure, suspension or removal from office should not occur, pursuant to Judiciary Law § 90 (4) (g).

Respondent cites to another pending matter where, in a similar situation, another attorney was found guilty of a misdemeanor in connection with income tax evasion, and respondent contends that his conduct was less egregious and, therefore, as was the situation with the misdemeanor defendant, he should not be suspended on an interim basis.

Respondent having pleaded guilty to a felony, we need not go behind the judgment. A felony conviction for attempting to evade taxes has previously resulted in at least suspension. *(See, Matter of Cowan,* 110 AD2d 53; *Matter of Sorkin,* 80 AD2d 31.)

As this is a serious crime, under section 603.12 (b) of the rules of this court, Judiciary Law § 90 (4) (f) mandates suspension until a final order is issued. Petitioner's motion is therefore granted and respondent should be suspended from the practice of law herewith and ordered to show cause within 30 days of entry of this court's order of suspension, why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and CARRO, JJ., concur.

Petition is granted and respondent is directed to show cause

within 30 days, why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.