In the Matter of WILLIAM T. MARTIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 2, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Murray Richman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William T. Martin, was admitted to the practice of law in New York by the First Judicial Department on

February 3, 1977. From July 1982 to December 1987, respondent maintained an office for the practice of law in the First Judicial Department. In November 1987, respondent was elected to a 14-year term as a New York Supreme Court Justice in Bronx County, and assumed the Bench in January 1988.

On May 31, 1989, respondent was charged in a nine-count indictment, in the United States District Court for the Southern District of New York, with the following criminal acts: conspiracy, in violation of 18 USC § 371; income tax evasion, in violation of 26 USC § 7201; filing of a false income tax return, in violation of 26 USC § 7206 (1); making a false declaration before a Grand Jury, in violation of 18 USC § 1623; wire fraud, in violation of 18 USC § 1343; and distribution of a controlled substance (cocaine), in violation of 21 USC § 841. He was further charged, in a one-count information, with possession of a controlled substance (cocaine), in violation of 21 USC § 844.

On or about September 20, 1989, respondent pleaded guilty in the United States District Court for the Southern District of New York, to three felonies under the laws of the United States, conspiring to evade income tax, income evasion, and filing a false income tax return, in full satisfaction of the indictment. He also pleaded guilty to a misdemeanor, possession of a controlled substance under the information. On January 29, 1990, respondent was sentenced to nine months' incarceration, three years' probation, 200 hours of community service for each year of probation, and a fine of $175.

Respondent's felony convictions arose out of events which took place between July 1982 and December 1987, when he was practicing law in a partnership. The tax charges stem from the partnership's failure to report cash fees generated by the law firm, not depositing legal fees paid in cash into the law firm checking account, and maintaining safe-deposit boxes at local banks into which cash receipts were deposited.

By notice of petition dated February 26, 1990, the Departmental Disciplinary Committee seeks an order determining that the crimes of which respondent was convicted are serious crimes within the meaning of section 90 (4) (d) of the Judiciary Law, suspending respondent from the practice of law pursuant to section 90 (4) (f) of the Judiciary Law, and directing respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made.

Respondent admits that he has been convicted of the three Federal felonies, and that they are serious crimes as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b).

The motion by petitioner Departmental Disciplinary Committee should be, accordingly, granted, and respondent suspended from the practice of law forthwith and ordered to show cause within 30 days of entry of this court's order of suspension, why a final order of suspension, censure or disbarment should not be entered against him.

Ross, J. P., Asch, Rosenberger, Kassal and Wallach, JJ., concur.

Petition granted, and pursuant to Judiciary Law § 90 (4) (h) the matter is referred to the Departmental Disciplinary Committee for the First Judicial Department for a hearing, report and recommendation, as indicated, and pending receipt by this court of said report, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective August 2, 1990, and until the further order of this court.