In the Matter of MICHAEL J. NEDICK (Admitted as MICHAEL JEFFREY NEDICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 27, 1990

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Barry A. Weinstein* of counsel *(Goldstein, Weinstein & Fuld,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order temporarily suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing him to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or disbarment should not be made.

Respondent Michael J. Nedick was admitted to the practice of law in New York by the First Judicial Department on March 25, 1974 under the name Michael Jeffrey Nedick, and has at all relevant times maintained an office for the practice of law in the First Judicial Department.

On April 4, 1990, in the United States District Court for the Southern District of New York, respondent was convicted, on his plea of guilty, of one count of attempting to evade income tax for the year 1983 by preparing and signing a false and fraudulent return, in violation of 26 USC § 7201, a felony under the United States Code, and sentenced to a term of imprisonment of two years, three months of which were to be served in a "jail type or other appropriate institution" with the remainder of the sentence suspended, and to a term of probation of nine months, it being a special condition of probation that respondent submit to drug testing as directed by the United States Probation Department. Respondent served his three-month period of confinement in a halfway house, and is presently on probation.

Respondent concedes that the crime of which he was convicted, being a Federal felony, is a "serious crime" as defined by Judiciary Law § 90 (4) (d), and that his suspension from the practice of law during the pendency of disciplinary proceedings is therefore automatic under Judiciary Law § 90 (4) (f), but asks that we set aside such suspension pursuant to Judiciary Law § 90 (4) (f) in view of mitigating circumstances which, he believes, will convince the Committee to recommend only a censure. These circumstances include his "extensive cooperation" with Federal authorities in their prosecution of a Judge who pleaded guilty to several felony tax counts *(see, Matter of Martin,* 160 AD2d 132); his previously unblemished

record; his holding of public office in the town where he resides; and his employment by the Legal Aid Society, Criminal Division, Bronx County, for half of his 17-year career as a lawyer. The factual circumstances underlying respondent's conviction are not set forth in his papers.

Without meaning to underestimate respondent's chances of convincing the Committee to recommend only a censure, the fact remains that he has been convicted of a Federal felony which ordinarily results in a suspension of six months or one year *(Matter of Diamond,* 150 AD2d 115, 117-118), even though strong mitigating circumstances be present *(Matter of Wernick,* 128 AD2d 260). We view the filing of a false tax return to be a crime considerably more "serious", using that word in a colloquial rather than its statutory sense, than the misdemeanor of failing to file a tax return, which, it is true, given mitigating circumstances, ordinarily does not result in either an interim or final order of suspension *(see, Matter of Winograd,* 148 AD2d 214; *Matter of Fahy,* 87 AD2d 340; *Matter of Wolk,* 61 AD2d 691). Also working against respondent is the fact that he is presently on probation, it being the policy of this court to suspend attorneys for at least as long as they remain on probation *(Matter of Lowell,* 88 AD2d 128; *Matter of Richter,* 93 AD2d 505; *Matter of Langberg,* 118 AD2d 323; *Matter of Hust,* 129 AD2d 156; *but see, Matter of Schwartz,* 164 AD2d 184 [probationary status not sufficient by itself to warrant an interim suspension]).

We conclude that it would not be consistent with the integrity and honor of the profession to set aside the interim, automatic suspension mandated by Judiciary Law § 90 (4) (f).

Accordingly, the petition is granted, and respondent should be suspended from the practice of law pending further order of the court.

ROSENBERGER, J. P., KASSAL, WALLACH, SMITH and RUBIN, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.