In the Matter of MARK J. WEINSTEIN (Admitted as MARK JOSEPH WEINSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 1991

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*William J. Schwartz* of counsel *(Kronish, Lieb, Weiner & Hellman,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New

York by the First Judicial Department on February 25, 1974 and, at all relevant times, has maintained an office for the practice of law within the First Department.

Upon his plea of guilty, respondent was convicted on April 17, 1990 in the United States District Court for the Southern District of New York of one count of filing a false tax return in violation of 26 USC § 7201, a felony. He was sentenced to a suspended jail term and a period of probation of five years with a suspended fine and an assessment of $50. He prepared and signed a false income tax return for the calendar year 1984, substantially understating his income and a tax due and owing.

The Departmental Disciplinary Committee (DDC) seeks an order determining that this is a "serious crime" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) and suspending the respondent from the practice of law and directing that he show cause why a final order of censure, suspension or disbarment should not be made.

Respondent concedes the serious crime and asks that the matter be referred to the DDC so that he may present evidence in mitigation, which would be that he suffered from a drug addiction from which he has since recovered and that he has devoted time and effort to counseling addicted youths at Daytop Village. He also cooperated with the United States Attorney in a broader criminal investigation, which cooperation was noted at respondent's sentencing by the United States District Court Judge. As a result of the cooperation, his former law partners also pleaded guilty. (See, Matter of Martin, 160 AD2d 132, where we granted the DDC's serious crime petition and suspended Martin pending the outcome of the proceedings.)

The motion by petitioner DDC should be, accordingly, granted, and respondent suspended from the practice of law forthwith and ordered to show cause within 90 days of entry of this court's order of suspension, why a final order of suspension, censure or disbarment should not be entered against him.

KUPFERMAN, J. P., KASSAL, ASCH, SMITH and RUBIN, JJ., concur.

Respondent is directed, within 90 days from the date of this court's order, to show cause before the petitioner why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law as indicated.