In the Matter of MICHAEL J. NEDICK (Admitted as MICHAEL JEFFREY NEDICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 1992

## APPEARANCES OF COUNSEL

*Elliot H. Fuld* of counsel *(Goldstein, Weinstein & Fuld,* attorneys), for respondent.

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Admitted to practice in 1974, respondent was convicted in 1989, on plea of guilty in the United States District Court for the Southern District of New York, for the felony of attempted tax evasion (26 USC § 7201) by the filing of a false and fraudulent tax return, resulting in a sentence of two years' imprisonment, which he was permitted to satisfy with three months' confinement in a halfway rehabilitative institution, followed by nine months' probation. Respondent cooperated fully with Federal law enforcement authorities in building successful related felony prosecutions for tax evasion, conspiracy, perjury, fraud and narcotics violations against his former law partners, one of whom was a sitting New York Supreme Court Justice. Respondent was suspended from the practice of law by order of this court on December 27, 1990 (164 AD2d 247), until further order, under the provisions of Judiciary Law § 90 (4) (f). His probationary period expired without incident on June 27, 1991, which was coincidentally the six-month anniversary of our interim suspension order.

A Hearing Panel of petitioner Departmental Disciplinary Committee has concluded that respondent's full restitution of taxes and penalties, his cooperation with authorities, and his genuine sincerity and contrition warrant a recommendation that his period of suspension, effective December 27, 1990, be limited to six months. Respondent has submitted an affidavit of compliance with our suspension order and this court's rules governing the conduct of suspended attorneys, and now moves to confirm that recommendation. Petitioner has not raised any objection to the "automatic reinstatement" provisions of 22 NYCRR 603.14 (a).

Accordingly, the Hearing Panel's recommendation should be confirmed to the extent that our suspension order is vacated and respondent is reinstated to practice, effective immediately, without the further prerequisites for formal readmission.

ROSENBERGER, J. P., KASSAL, WALLACH, SMITH and RUBIN, JJ., concur.

Respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective March 24, 1992.