In the Matter of MARK J. WEINSTEIN (Admitted as MARK JOSEPH WEINSTEIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1992

## APPEARANCES OF COUNSEL

*William J. Schwartz* of counsel *(Kronish, Lieb, Weiner & Hellman,* attorneys), for respondent.

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

### OPINION OF THE COURT

Per Curiam.

Admitted to practice in this Department in 1974, respon-

dent was convicted upon his plea of guilty in the United States District Court for the Southern District of New York of filing a false tax return, and, because this was a "serious crime", he was suspended from the practice of law and ordered to show cause why a final order of discipline should not be entered against him (see, Matter of Weinstein, 164 AD2d 647).

Prior to his suspension he had voluntarily left the active practice of law.

The Departmental Disciplinary Committee joins in respondent's motion to confirm the Hearing Panel's report, recommending that respondent should be suspended for a period of six months, retroactive to the time of his interim suspension. They find persuasive the fact that respondent cooperated fully in the government's tax investigation and that his cooperation was important in bringing to justice others involved with him (see, Matter of Martin, 160 AD2d 132). Another who was involved has been reinstated to the practice of law (see, Matter of Nedick, 178 AD2d 58).

The respondent has taken the necessary affirmative steps to change his life by ridding himself of reliance on drugs and alcohol, which seems to have been the cause of his difficulties. On August 9, 1991, The Honorable John E. Sprizzo, United States District Judge for the Southern District of New York, without opposition by the government, terminated respondent's probationary period pursuant to 18 USC § 3564 (c). Further, respondent has stated that if he is returned to the practice of law, he would be involved in pro bono work at Daytop Village, which had been helpful in his rehabilitation.

Accordingly, the Hearing Panel's recommendation should be confirmed and the motion granted and the respondent suspended for a period of six months, retroactive to January 31, 1991 and, therefore, the respondent is reinstated to practice, effective immediately, without further prerequisites for formal admission.

KUPFERMAN, J. P., ASCH, KASSAL, SMITH and RUBIN, JJ., concur.

Motion granted and respondent reinstated as an attorney and counselor-at-law, effective as of the date hereof.