In the Matter of G. ALEXANDER NOVAK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 5, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, G. Alexander Novak, was admitted to the

practice of law by the Second Judicial Department on November 26, 1980. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

On October 28, 1991, respondent entered a plea of guilty in the United States District Court for the Southern District of New York, to conspiracy to submit false documents to a government agency, in violation of 18 USC § 371. He was sentenced, on July 1, 1992, to a term of three years' probation and a fine of $20,000.

By petition dated May 19, 1992, the Departmental Disciplinary Committee (DDC) seeks an order determining that the crime for which respondent was convicted, which is a felony under the United States Code, is a "serious crime" as defined by section 90 (4) (d) of the Judiciary Law and 22 NYCRR 603.12 (b). The petition further requests that this Court suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and direct him to show cause before the DDC why a final order of censure, suspension or disbarment should not be made (see, Judiciary Law § 90 [4] [g]).

In opposition, respondent admits that the crime for which he has been convicted is a "serious crime" as defined by the Judiciary Law. (See, Matter of Martin, 160 AD2d 132; Matter of Sparer, 131 AD2d 36.) Respondent requests, however, that this Court not impose an interim suspension at this time, as he believes that there exist substantial mitigating factors that will result in a final sanction of public censure. For example, respondent asserts that he reaped no personal benefit from the conduct which formed the basis for his conviction.

Judiciary Law § 90 (4) (f) mandates that, the court suspend an attorney who has been convicted of a "serious crime", until a final order is issued. Such suspension may be set aside solely upon good cause shown, when it is "consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice". (Id.) In the matter before us, we do not reach this inquiry, but instead rely upon this Court's longstanding policy that an attorney who is on probation should not be permitted to practice law. (Matter of Levine, 168 AD2d 116; Matter of Diamond, 150 AD2d 115; Matter of Hust, 129 AD2d 156; Matter of Richter, 93 AD2d 505; see also, Matter of Nedick, 164 AD2d 247; Matter of Winograd, 148 AD2d 214.)

Accordingly, the DDC's petition is granted, respondent is

found to have been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and is directed to show cause before the Departmental Disciplinary Committee, why a final order of censure, suspension or disbarment should not be made. The DDC shall hold a hearing and issue a report and recommendation to this Court and, until such time as a final order is issued, respondent is forthwith suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f).

MILONAS, J. P., ROSENBERGER, ASCH, KASSAL and RUBIN, JJ., concur.

This Court having found and determined that the crime of which respondent has been convicted is a Federal felony, and a "serious crime" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), respondent is ordered to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is forthwith suspended from practice as an attorney and counselor-at-law in the State of New York until the further order of this Court, as indicated.