[600 NYS2d 230]

In the Matter of MICHAEL G. MARINANGELI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1993

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael G. Marinangeli,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order temporarily suspending respondent from the practice of law pursuant to

Judiciary Law § 90 (4) (f) and directing him to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or disbarment should not be made.

Respondent, Michael G. Marinangeli, was admitted to the practice of law in New York by this Court on July 30, 1984. Respondent pleaded guilty in United States District Court for the Southern District of New York to theft of mail matter in violation of 18 USC § 1708, a Federal felony, in satisfaction of a six-count indictment charging him with possession of forged instruments, bank fraud and related charges. On or about December 10, 1992 respondent was sentenced to three years' probation requiring urinalysis testing, treatment of narcotic addiction if necessary, and restitution of $21,734.

Judiciary Law § 90 (4) (d) provides as here pertinent that a Federal felony which is not denominated a felony under the laws of this State is a "serious crime". Judiciary law § 90 (4) (f) provides:

"Any attorney and counsellor-at-law convicted of a serious crime, as defined in paragraph d of this subdivision, whether by plea of guilty or nolo contendere or from a verdict after trial or otherwise, shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision.

"Upon good cause shown the appellate division of the supreme court may, upon application of the attorney or on its own motion, set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."

Respondent, in his answer to the petition, argues that the crime of which he stands convicted is not a "serious crime" despite the statutory definition set forth in Judiciary Law § 90 (4) (d) (see also, 22 NYCRR 603.12 [b]), because it was committed "under an altered state of mind" caused by his addiction to alcohol and crack cocaine, and therefore he should not be suspended. The argument must be rejected as inconsistent with the clear statutory mandate defining "serious crime" and prescribing the procedures to be followed in these matters, and inconsistent with this Court's rules as well (22 NYCRR 603.12 [c]).

Nor would our setting aside of respondent's prescribed interim suspension be "consistent with the maintenance of the

integrity and honor of the profession, the protection of the public and the interest of justice," as provided by Judiciary Law § 90 (4) (f). Respondent may present evidence of his addiction in mitigation with respect to the sanction to be imposed for his misconduct at a disciplinary hearing which is deemed requested by respondent in his answering papers.

Accordingly, the petition should be granted, respondent should be suspended from the practice of law pending further order of this Court, and respondent should be ordered to show cause why a final order of suspension, censure or disbarment should not be made (Judiciary Law § 90 [4] [g]; *Matter of Nedick,* 164 AD2d 247; *Matter of Winograd,* 148 AD2d 214).

SULLIVAN, J. P., CARRO, MILONAS, KUPFERMAN and ROSS, JJ., concur.

Petition granted, the crime of which respondent stands convicted deemed a serious crime, and respondent directed to show cause why a final order of suspension, censure, or disbarment should not be made, and pending the entry of such order, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court, all as indicated in the order of this Court.