[608 NYS2d 175]

In the Matter of JOHN RIVERA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 24, 1994,

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, John Rivera, was admitted to the practice of law in New York by this Court on July 7, 1980, and at all relevant times has maintained an office for the practice of law within the First Judicial Department. Petitioner, the Departmental Disciplinary Committee, moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law forthwith because of his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct against him.

The Committee's motion states that it is investigating two complaints alleging that respondent in one instance failed to return an $800 advance legal fee as ordered by a Criminal Court Judge, and in the other instance failed to turn over $1,661 in settlement funds he was holding on behalf of a client. To date, respondent has failed to submit an answer to either complaint despite numerous requests by the Committee that he do so. In addition, respondent has failed to comply with the condition of an Admonition he received on October 29, 1991, that he inform the Committee every six months for a period of two years about his continued steps toward recovery from admitted alcoholism and cocaine abuse. In the two years since that Admonition was issued, respondent has been in sporadic contact with the Committee and has agreed to participate in the Lawyer Assistance Program, but he never followed up or joined the program. Respondent's last contact with the Committee was July 27, 1993. In addition, respondent, who was personally served with a copy of the Committee's motion to suspend him, has now failed to interpose a response containing an explanation for his actions.

The complaints that have been filed against respondent allege serious professional misconduct. Despite his being aware of the Committee's investigation and numerous requests for responses to the complaints, and that his failure to cooperate could result in his suspension from the practice of law and ultimately disbarment, respondent has chosen not to respond. Respondent's actions can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation (see, Matter of Valdes, 160 AD2d 31; Matter of Gordon, 142 AD2d 135; Matter of Erlin, 126 AD2d 83). In addition, in view of respondent's admitted alcoholism and drug abuse in 1991, his failure to notify the Committee about

his recovery efforts and his refusal to participate in the Lawyer Assistance Program, serious doubt exists with respect to respondent's fitness to practice law.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent should be suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

CARRO, J. P., WALLACH, KUPFERMAN, ASCH and NARDELLI, JJ., concur.

Motion granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective February 24, 1994, until such time as the disciplinary matters pending before the Departmental Disciplinary Committee for the First Judicial Department have been concluded, and until the further order of this Court.