[616 NYS2d 726]

In the Matter of DANIEL F. COUGHLIN (Admitted as DANIEL F. COUGHLIN, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 27, 1994

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*James S. Shorris* of counsel *(Choate, Hall & Stewart,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New

York by the First Judicial Department on June 23, 1958 under the name Daniel F. Coughlin, Jr. He has also been admitted to the practice of law in the State of Massachusetts, where he currently resides.

On or about September 22, 1993, the respondent pleaded guilty in the United States District Court for the District of Massachusetts to one count of education fraud, in violation of 20 USC § 1097 (a) which is a felony under the United States Code.

On or about December 1, 1993, respondent was sentenced to probation for a period of two years and a fine of $10,000.

The Departmental Disciplinary Committee (DDC) now seeks an order determining that the crime of which the respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and suspending him from the practice of law pursuant to Judiciary Law § 90 (4) (f). The DDC further seeks an order directing the respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court why a final order of censure, suspension or disbarment should not be made.

On December 2, 1993, the respondent was temporarily suspended from the practice of law in Massachusetts pending further proceedings. Respondent states that he does not currently practice law in any jurisdiction.

Although counsel for the respondent concedes that the crime of which the respondent was convicted is a "serious crime", he asserts that his client is willing to be suspended on an interim basis during the course of these proceedings for the duration of his probation provided that the period of any such interim suspension is credited toward any final order of suspension ordered by this Court.

The respondent was convicted of education fraud arising from his having obtained a student college loan for his child by submitting a false and fraudulent loan application. The crime, a felony under the laws of the United States, is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b).

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued.

Since it has long been the general policy of this Court to preclude a lawyer serving a term of probation for a felony from practicing law (see, Matter of Goldberg, 190 AD2d 269; Matter of Novak, 183 AD2d 83), the petitioner's motion should be granted.

The length of any interim suspension will be considered by the Court at the time of imposition of the sanction, and the respondent's request for credit for the period of interim suspension toward any final order is denied.

Accordingly, the DDC's petition is granted, the offense of which the respondent stands convicted is deemed a "serious crime" and he is suspended from the practice of law in this State forthwith and directed to show cause why a final order of censure, suspension or disbarment should not be entered.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and ROSS, JJ., concur.

The petition is granted, the offense of which respondent stands convicted is deemed a "serious crime", and he is suspended from practice forthwith and directed to show cause why a final order of censure, suspension or disbarment should not be entered.