[628 NYS2d 79]

In the Matter of MICHAEL G. MARINANGELI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1995

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael G. Marinangeli,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael G. Marinangeli was admitted to the practice of law in the First Judicial Department on July 30, 1984. Respondent pleaded guilty in United States District Court for the Southern District of New York to theft of mail matter in violation of 18 USC § 1708, a Federal felony, in satisfaction of a six-count indictment charging him with possession of forged instruments, bank fraud and related charges. On or about December 10, 1992, respondent was sentenced to three years' probation requiring urinalysis testing, treatment of narcotic addiction if necessary, and restitution of $21,734.

Having been convicted of a serious crime [Judiciary Law § 90 (4) (d)], respondent was suspended, pending further proceedings by the Departmental Disciplinary Committee. *(Matter of Marinangeli*, 191 AD2d 93.)

He had contended that the crime of which he was convicted was not a "serious crime" because it was committed "under an altered state of mind" caused by addiction to alcohol and crack cocaine. While the latter did not excuse respondent's actions, it was taken into consideration in mitigation.

The Hearing Panel of the Departmental Disciplinary Committee recommended that the respondent be suspended until the expiration of his term of Federal probation, currently scheduled for December 10, 1995, and that he continue to be monitored for signs of substance abuse as well as his adherence to the payment schedule for his court-ordered restitution.

We agree with the recommendation of the Hearing Panel that no useful purpose would be served by requiring a separate reinstatement hearing only a short time from now. However, we must be assured that rehabilitation and abstinence from substance abuse has continued.

Accordingly, suspension shall continue until December 10, 1995 and reinstatment will be automatic upon submission and approval of evidence attesting satisfactorily to respondent's continued rehabilitation and abstinence from the use of alcohol and freedom from substance abuse. Respondent shall enroll in the Sobriety Monitoring Program of the New York State Bar Association's Committee on Lawyer Alcoholism and Drug Abuse, including, but not limited to, such random testing as may be imposed with a report to be submitted to the Departmental Disciplinary Committee at the conclusion of the period of probation. *(See, Matter of McEnroe*, 174 AD2d 67.)

Further, respondent, even after reinstatement, shall submit to the Departmental Disciplinary Committee reports from the monitor of the aforesaid program at six-month intervals for a further period of three years. Reinstatement shall also be contingent upon respondent's adhering to the schedule for restitution presently being monitored by his Federal probation officer.

SULLIVAN, J. P., KUPFERMAN, ROSS, NARDELLI and WILLIAMS, JJ., concur.

Hearing Panel's findings of fact, conclusions of law and recommendation confirmed and respondent's suspension continued until December 10, 1995 with reinstatement to be automatic upon submission and approval of evidence, all as indicated.