[641 NYS2d 308]

In the Matter of JOSEPH P. GREENWALD (Admitted as JOSEPH PHILIP GREENWALD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 2, 1996

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard S. Schrader* of counsel *(Coblence & Warner,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Joseph P. Greenwald, was admitted to the practice of law in New York by the First Judicial Department

on March 24, 1986, as Joseph Philip Greenwald. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 18, 1994, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiring to violate the securities law (Insider Trading) in violation of 18 USC § 371, which is a felony under the United States Code. On August 3, 1995, respondent was sentenced to three years on probation and a special assessment of $50.

The Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Respondent opposes this petition insofar as it seeks to impose a sanction beyond a one-year suspension. He points out that in connection with his sentencing, he provided substantial assistance in the investigation of a complex chain of insider traders. He also points out that in sentencing him, the Court found that his act represented an "aberration" in an otherwise exemplary life.

The crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state". Rules of this Court (22 NYCRR) § 603.12 (b) states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law." The crime of which respondent has been convicted, conspiring to violate the securities law, in violation of 18 USC § 371, is a "serious crime" insofar as it is a felony under the United States Code.

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a

"serious crime", this Court suspend the attorney until a final order is issued. (*See, Matter of Martin*, 160 AD2d 132; *Matter of Winograd*, 148 AD2d 214.)

Respondent's request that the ultimate sanction to be imposed be limited to a one-year suspension is premature. At this point, the Committee is seeking an interim suspension pending a hearing in which a final sanction will be recommended. It is at that hearing that respondent's arguments concerning mitigating factors will be relevant.

Accordingly, the Committee's petition to deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and direct respondent to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made, should be granted.

MILONAS, J. P., ELLERIN, WALLACH, NARDELLI and MAZZARELLI, JJ., concur.

Petition granted insofar as to: deem the offense of which respondent has been found guilty to be a "serious crime"; suspend respondent, effective May 2, 1996; and direct respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made.