[644 NYS2d 896]

In the Matter of GWYNETTE R. SMITH (Admitted as GWYNETTE ROSALIND HENDERSON SMITH), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 1996

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Gwynette R. Smith,* was admitted, as Gwynette Rosalind Henderson Smith, to the practice of law in the State of New York by the First Judicial Department on October 27, 1972.

In the spring of 1992, respondent sent an unsolicited, incoherent postcard to the Departmental Disciplinary Committee indicating that she had a serious "crack" cocaine problem. In the spring and summer of 1992, the Committee wrote to respondent but received no response. The Committee was informed by respondent's father that respondent had moved to Los Angeles. The Committee also learned from the United States Postal Service that respondent received mail at a Skid Row Mission in Los Angeles, but that she did not reside there and her residence was unknown. The Committee sent a letter to the Mission. Later in the summer of 1992, respondent sent the Committee a note on the outside of an envelope and a telegram stating that she was in jail for crack possession. The Committee was unable to discover where respondent was incarcerated until she had been released.

The Committee subsequently learned that respondent had been charged in a felony complaint, in the Municipal Court, County of Los Angeles, State of California, with possession of a controlled substance (possession of a cocaine-based substance) in violation of California Health and Safety Code § 11350 (a), a felony under the Penal Code of California. On or about August 4, 1993, respondent pleaded guilty to possession of a cocaine-based substance and was sentenced to 38 days in jail and a period of three years' probation. Respondent was also directed to register at a narcotics offender program upon her release from prison.

By petition dated July 25, 1994, the Committee sought an order determining that the crime of which respondent was convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Committee which would thereupon hold a hearing and issue a report and recommendation to the Court as to why a final order of censure, suspension or disbarment should not be made.

---

* Respondent has not appeared in this proceeding.

Respondent was served with a copy of the Committee's "serious crime" petition by publication in the New York Law Journal on October 27, 1994; publication in the Los Angeles Daily Journal on November 4, 1994; and by mail to respondent's criminal probation officer in California, pursuant to the terms of this Court's order entered October 5, 1994, granting the Committee permission to serve respondent in said fashion. Respondent did not respond to the petition.

By an order and decision (208 AD2d 290) entered March 23, 1995, this Court granted the Committee's petition. Committee staff notified respondent of the Court's order in accordance with the terms of the publication order. She failed to respond or contact her probation officer.

Pursuant to this Court's order, a Committee Hearing Panel scheduled a serious crime hearing for June 22, 1995. Committee staff attempted to notify respondent of the hearing by sending two letters to her probation officer requesting that he forward the letters to respondent if she contacted him. Respondent never contacted staff regarding the hearing and hence, the hearing was held in her absence. At the hearing, staff presented evidence of the notice provided to respondent of the serious crime proceeding and also presented evidence of her conviction.

By a report dated February 12, 1996, the Hearing Panel recommended that respondent be disbarred. It also recommended that should respondent seek reinstatement, she be required to establish unequivocally that she is and will remain drug free. The Hearing Panel's findings were consistent with the facts as discussed herein.

By motion dated March 27, 1996, the Committee moves for an order confirming the Hearing Panel's report and recommendation that respondent be disbarred. In a memorandum of law, the Committee asserts that respondent's disbarment is warranted because of her conviction for felony drug possession coupled with her blatant disregard of the sentencing court's direction that she enter into a drug program (*Matter of Rivera*, 196 AD2d 22). Additionally, respondent's fitness to practice law is undermined by her refusal to contact the Probation Department in relation to her conviction. Finally, staff counsel asserts that the condition attached to her reinstatement as recommended by the Hearing Panel is appropriate given her refusal to participate in a drug rehabilitation program as directed by the sentencing court (*see, Matter of Marinangeli,* 211 AD2d 272, 273).

Accordingly, the Committee's motion is granted, the report confirmed, respondent disbarred, and any future reinstatement is conditioned upon her unequivocal establishment that she is and will remain drug free.

SULLIVAN, J. P., KUPFERMAN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Motion granted, and respondent is disbarred from the practice of law as an attorney and counselor-at-law in the State of New York, effective immediately.