[669 NYS2d 17]

In the Matter of JOSEPH P. GREENWALD (Admitted as JOSEPH PHILIP GREENWALD), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 1998

2

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard S. Schrader* of counsel *(Coblence & Warner,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph P. Greenwald was admitted to the practice of law in New York by the First Judicial Department on March 24, 1986, as Joseph Philip Greenwald. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming certain findings of fact and conclusions of law of the Hearing Panel and imposing a recommended sanction of a three-year suspension of respondent from the practice of law.

In support, petitioner has set forth evidence demonstrating that on January 18, 1994, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiring to violate the securities law in violation of 18 USC § 371, which is a felony under the United States Code. On August 3, 1995, respondent was sentenced to three years on probation and a special assessment of $50.

By order entered May 2, 1996 (220 AD2d 59), this Court granted a petition for an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause before petitioner, which would thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension and disbarment should not be made.

Petitioner has further shown that the hearing was duly held and the Hearing Panel found that in 1990, respondent, who has never practiced law, was president of Greenwald Securities Trading, Inc. In that capacity, he received inside information about two transactions, upon which he traded, and also transmitted such inside information to others, thereby realizing a profit of approximately $750,000. When respondent learned that his activities were the subject of investigation, he cooperated with the authorities sufficiently to cause the United States Attorney's Office to recommend a downward departure from the sentencing guidelines in the Federal prosecution. The Hearing Panel further determined that respondent has accepted full responsibility for his past actions and expressed regret for them. Upon these findings, the Hearing Panel adopted petitioner's recommendation that respondent be suspended from the practice of law for a period of three years dating from the order of suspension previously issued by this Court or until his probation ends, whichever event occurs later.

We find that the Panel's findings and conclusions should be confirmed and that the recommended sanction is an appropriate one given the nature of the crime of which respondent was convicted (*see, Matter of Woodward*, 232 AD2d 22; *Matter of Solomon*, 135 AD2d 187; *Matter of Rubinstein*, 119 AD2d 243). While we take into account the fact that respondent provided the Government with significant cooperation and that he has expressed regret for his transgression; on the other hand, respondent has offered no mitigating explanation for originally entering into the illegal transaction, from which he realized a very substantial financial gain. Under these circumstances, we find that the recommendation of a three-year suspension is appropriate.

Accordingly, the application is granted, the Hearing Panel's findings of facts and conclusions of law are confirmed, and respondent is suspended from the practice of law for a period of three years dating from the prior order of this Court or until he is released from probation, whichever occurs later.

MILONAS, J. P., ELLERIN, NARDELLI, WALLACH and MAZZARELLI, JJ., concur.

The application is granted, the Hearing Panel's findings of fact and conclusions of law are confirmed, and respondent is suspended from the practice of law for a period of three years dated from the prior order of this Court entered on May 2, 1996, or until he is released from probation, whichever occurs later, and until the further order of this Court.