[717 NYS2d 163]

In the Matter of NEIL HUTCHINS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 7, 2000

### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Neil Hutchins,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Neil Hutchins was admitted to the practice of

law in the State of New York by the Second Judicial Department on September 28, 1988, and practiced law in the Second Department until July 1997. By order dated October 13, 1998, the Second Department transferred two complaints received by the Grievance Committee for the Tenth Judicial District to petitioner, the Departmental Disciplinary Committee of the First Department. Petitioner moves for an order, pursuant to 22 NYCRR 603.16 (b) (1), suspending respondent from the practice of law forthwith on the ground of incapacity due to addiction to drugs or intoxicants.

Petitioner's motion states that the first complaint was prompted by respondent's arrest on July 12, 1997 for driving while under the influence of alcohol or drugs, and in possession of two glassine packets containing heroin. Respondent pleaded guilty on July 17, 1998 to driving while ability impaired by drugs and disorderly conduct, the latter a result of pleading down from the misdemeanor charge of criminal possession of a controlled substance. Because of his plea, a lab test was not performed on the two packets in respondent's possession, but respondent informed the arresting officer that they contained heroin. A charge of driving while under the influence of alcohol was dismissed. Respondent was sentenced to three years' probation and fines of $500 for the driving while ability impaired by drugs charge and $85 for the disorderly conduct charge, with a surcharge on each. As a result of respondent's failure to pay the fines, a warrant was issued on November 18, 1998 for his arrest. It was vacated in or around April 2000, when respondent paid the fines and surcharges.

The second complaint was prompted by a December 9, 1998 letter from Mental Hygiene Legal Services (MHLS) of the Second Department reporting that respondent had wrongfully accepted payment from a former client after he had left the employ of MHLS, knowing that MHLS had been appointed appellate counsel. According to exhibits attached to the letter, respondent had previously been arrested, in 1995, for driving while ability impaired by drugs and criminal possession of a controlled substance, and had pleaded guilty to driving while ability impaired and disorderly conduct. In a 1996 stipulation with the Second Department, respondent admitted to this arrest and conviction, waived his rights to a hearing and appeal on the disciplinary matter, and was placed on probation for two years, during which the Second Department had the right to direct him to undergo drug tests and to terminate him for

refusal to submit to testing or for positive test results and his employment with the court system could be terminated without a hearing if he violated or failed to comply with specified time and leave terms. On July 22, 1997, 10 days after his second arrest for driving under the influence, the Second Department notified respondent that his employment with the court system was terminated because he had violated the time and leave terms of the stipulation.

During the course of petitioner's investigation of these complaints, respondent sought treatment for substance abuse at various facilities. He later provided petitioner with a chronological account of such treatment, which listed seven different facilities at which he had been an inpatient or an outpatient between 1995 and April 2000. At petitioner's suggestion, respondent contacted Eileen Travis, director of the New York City Lawyer Assistance Program, and on March 8, 2000, he signed a contract to participate in the New York City Attorney Sobriety and Recovery Monitoring Program. He also agreed to attend an outpatient alcohol and substance abuse program and was referred to an outpatient facility for comprehensive evaluation.

On March 23, 2000, Ms. Travis learned from the treatment program that respondent had admitted using heroin the night before. Respondent told Ms. Travis he would increase his attendance at the outpatient facility from three to four days a week and agreed to be referred to an inpatient program if he could not maintain his sobriety as an outpatient. After continuing to relapse and testing positive on three consecutive drug screenings for opiates, he reluctantly agreed to a 28-day inpatient program.

On May 8, 2000, Ms. Travis informed petitioner that respondent had been discharged from the New York City Attorney Sobriety and Recovery Monitoring Program for noncompliance with his contract. After entering the inpatient program on April 10, 2000, he had been discharged on the 26th. The program reported that he was "resistant and participated minimally." The outpatient program denied him readmission and referred him for long-term residential care, which he refused. Ms. Travis advised petitioner that she was unable to obtain a written report from the inpatient program, because respondent had rescinded his consent to release confidential information.

On March 28, 2000, before he entered the inpatient program, respondent had undergone a psychological evaluation by Dr.

Amy Hoffman. Respondent told Dr. Hoffman that his drug use had begun in 1993 and escalated to daily cocaine use by 1994, when his first DWI violation occurred. He went into outpatient treatment in 1995 and used no drugs for eight months. It was after this period of sobriety that he first sniffed heroin, but he was "clean" again from 1996 to 1997, when he had his second DWI violation. After he was fired from his job in July 1997, he resumed his use of heroin, and in 1998 began injecting the drug intravenously. Dr. Hoffman wrote on April 6, 2000, that respondent suffered from a substance abuse disorder that impaired him to a moderate degree, that he was in a stage of recovery in which his control was fragile, and that it was critical for him to remain in treatment.

After respondent was terminated from the Lawyer Assistance Program, Ms. Travis's letters to petitioner were submitted to Dr. Hoffman for her updated evaluation. Dr. Hoffman wrote on July 27, 2000, that respondent suffered from a substance abuse disorder that impaired him to a severe degree, that he was, at best, in the stage of the disorder characterized by frequent relapses, and that it was essential for him to be in an intensive treatment program, without which his active use of drugs would continue.

At his deposition on May 24, 2000, respondent admitted his history of arrests pertaining to the use of drugs, discussed his history of drug abuse and his awareness in 1994 of his escalating cocaine use, detailed the numerous occasions on which he had sought treatment of his drug problem, and admitted that after he stopped using cocaine he began using heroin in 1996 and it became progressively worse.

In opposition to petitioner's motion, respondent contends that he successfully completed the 28-day drug treatment program and has the documentation to prove it. According to Ms. Travis, the program administrators confirmed orally that respondent was discharged from the program after 16 days for noncompliance and that he was given a certification of completion in error. Respondent has not made available to petitioner the complete copies of the records that he claims are in his possession, and the program is unable to provide any further documentation because respondent rescinded his consent to disclosure.

Respondent also contends that, since he voluntarily has sought and received "appropriate treatment" for his admitted substance abuse, he should not be suspended, but receive only a warning or censure. In support, he submits a letter from the

director of Promesa, an outpatient drug program, stating that he has been an active participant at the program from June 16, 2000, to the present. The letter is dated August 28, 2000. It further states that the program requires its clients' presence in the facility from 9 to 11 A.M., Monday through Saturday.

Respondent has admitted to his extensive history of substance abuse and conceded that his most recent relapse, as far as we know, was in March 2000. Dr. Hoffman opined that only an intensive treatment program could prevent respondent's continued drug use. Respondent has refused to provide the records that he asserts would contradict the statement of the inpatient treatment program that its certificate of completion was issued to him in error. Respondent's record at Promesa reflects only his attendance and only until August 28, 2000, and includes no other information about his treatment or progress. The evidence establishes that respondent is currently incapacitated from continuing to practice law by reason of his addiction to drugs or intoxicants (*see, e.g., Matter of Rivera,* 196 AD2d 22).

Accordingly, petitioner's motion pursuant to 22 NYCRR 603.16 (b) (1) should be granted, and respondent suspended from the practice of law, effective immediately, until further order of this Court.

SULLIVAN, P. J., ROSENBERGER, WILLIAMS, ELLERIN and BUCKLEY, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court.