In the Matter of WILLIAM J. HUST, III (Admitted as WILLIAM JAMES HUST, III), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 1987

### APPEARANCES OF COUNSEL

*Robert D. Walsh* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Gary L. Maddock, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, moves for an order (1) determining that the crimes of which respondent has been convicted are serious

crimes, (2) directing that respondent be suspended pursuant to Judiciary Law § 90 (4) (f), and (3) directing that respondent be ordered to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal should not occur.

Respondent was admitted to practice as an attorney in New York State by the Appellate Division of the Supreme Court, First Department, on March 15, 1976, under the name of William James Hust, III.

On October 10, 1985, respondent was convicted, on his plea of guilty in the Superior Court of the State of Delaware in and for New Castle County, of one count of theft in an amount of less than $300 (Del Code Annot, tit 11, § 841), one count of forgery (Del Code Annot, tit 11, § 861) and one count of falsifying a business record (Del Code Annot, tit 11, § 871). These crimes are all misdemeanors under the Delaware Code Annotated. The charges grew out of respondent's submission of a forged expense voucher to his employer, E.I. DuPont de Nemours and Company, Inc. of Wilmington, Delaware. Respondent admitted forging his supervisor's initials on the voucher and using the money received (less than $200) for a personal, family trip after a business trip was canceled. He was sentenced to the costs of prosecution on each count, payment of a $500 fine on each count, a one-year suspended sentence, and three consecutive one-year terms of probation ending October 7, 1988. He was also ordered to perform 300 hours of community service.

Respondent admits the allegations of serious crimes as defined by 22 NYCRR 603.12 (b) and Judiciary Law § 90 (4) (d), as amended (L 1979, ch 674, eff July 13, 1979). However, he opposes suspension on the grounds that his conduct resulted from family pressures and a hostile work environment. Further, he claims that a suspension will hurt him in his present employment in Connecticut and seeks a hearing to produce evidence in mitigation.

The crimes for which respondent was convicted are serious crimes, as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), since fraud, misrepresentation or theft is a necessary element of each crime. Since respondent is currently on probation, and an attorney on probation may not practice law *(see, Matter of Lowell,* 88 AD2d 128, 129; *Matter of Richter,* 93 AD2d 505, 506), he is suspended and directed to show cause why a final order of suspension, censure or removal should not be entered.

158

SULLIVAN, J. P., MILONAS, KASSAL, ELLERIN and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective July 2, 1987, and until the further order of this court.