In the Matter of MELVIN M. KAZDIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 29, 1992

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gerald L. Shargel* for respondent.

**OPINION OF THE COURT**

Per Curiam.

This is a petition by the Departmental Disciplinary Committee for the First Judicial Department seeking a determination that the crime of which respondent was convicted is a "serious crime", suspending respondent from the practice of law and directing him to show cause before the Committee why a final order of censure, suspension or disbarment should not be entered.*

Respondent Melvin M. Kazdin was admitted to the practice of law in New York by the Second Judicial Department on December 18, 1957 and at all times pertinent to this proceeding maintained an office for the practice of law within the First Judicial Department.

On January 7, 1992 respondent pleaded guilty in the United States District Court for the Eastern District of New York to one count of tampering with a witness in violation of 18 USC § 1512 (b) and one count of tax evasion in violation of 26 USC § 7201, both felonies under the United States Code.

Respondent's tax evasion conviction resulted from his failure, in 1986, to report as income and to pay taxes on $140,000 in cash he received in that year as payment of a real estate brokerage commission. The witness tampering conviction resulted from respondent's attempt to persuade one of the individuals who paid him the commission not to turn records of the cash payment over to a Grand Jury.

Respondent concedes that the crimes of which he has been convicted are serious crimes, but urges that in view of certain mitigating circumstances, including the extreme emotional stress he suffered at the time of his acts as a result of personal and family illness, his payment of his debt to the IRS and his otherwise unblemished record, he should not be suspended pending a final order. However, respondent is currently on probation, and an attorney on probation may not practice law. (*Matter of Hust*, 129 AD2d 156, 157.)

Accordingly, since the crimes of which respondent has been convicted are Federal felonies and thus "serious crimes" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b),

---

* Petitioner originally sought to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been disbarred upon his conviction of a felony. Petitioner has since conceded that the automatic disbarment provisions is inapplicable and consents to the conversion of the petition to a serious crime petition.

respondent is directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be entered, and, pending the entry of such order, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f).

MURPHY, P. J., SULLIVAN, ELLERIN, KUPFERMAN and Ross, JJ., concur.

Application by petitioner granted insofar as to: (1) find that the crimes of which respondent has been convicted are serious crimes; (2) direct respondent to show cause why a final order of suspension, censure or removal from office should not be made, and (3) pending final determination of the petition, suspend respondent from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.