[—— NYS2d ——]

In the Matter of JACK G. GOLDBERG (Admitted as JACK GERALD GOLDBERG), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 10, 1993

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jack G. Goldberg,* respondent *pro se.*

Per Curiam.

Respondent was admitted to practice at this Department in 1967, and has maintained an office for the practice of law within this Department at all relevant times since then. A former Bronx Assistant District Attorney, respondent has apparently had an unblemished record over more than 20 years before the Bar, except for the incidents now before us.

Respondent entered private practice in 1971. Ten years later, after a series of failed partnerships, he became a sole practitioner specializing in criminal law. In 1982 he became involved as part owner in a friend's established business, Gotham Envelope Company. When the friend became terminally ill, respondent had to devote an increasing amount of time learning the business and managing the company, in order to protect his sizeable ($75,000) investment. As a result of his attention to the business, he had virtually no time to devote to his law practice. Still, sales declined drastically to the point where in 1985 he faced a crisis which would have jeopardized the security of his company's employees, including his partially disabled brother-in-law for whom he had provided a desk job. At about that time respondent met a purchasing agent for Merrill Lynch who agreed to a scheme whereby Merrill Lynch would purchase envelopes from respondent's company at inflated prices, a portion of which would then be kicked back to the purchasing agent. In this manner, Merrill Lynch gave Gotham over $500,000 worth of business, paying more than $100,000 in excess charges, of which $20,000 was returned to the purchasing agent.

There is no indication that respondent personally gained from this scheme, all of the profits having gone to bolster his sagging business enterprise. The transaction did not appreciably turn the business around, and respondent sold out to his partner later that year. He returned to the full-time practice of law, and four years later was notified that he was under criminal investigation for those 1985 activities.

Respondent was charged and convicted, in United States District Court for the Southern District of New York, of one count of mail fraud (18 USC § 1341), a Federal felony. He was given a three-year suspended sentence, placed on probation for three years, fined $10,000 plus assessment of $50, directed to

satisfy all related civil judgments, and ordered to perform 300 hours of community service. As a result of that conviction, respondent was suspended from the practice of law in this State (Judiciary Law § 90 [4] [f]) pending a "serious crime" hearing. The Panel conducting that hearing found no New York felony analog, and recommended respondent's suspension from practice for a period of two years, nunc pro tunc November 1, 1990, or until the termination of his Federal probation, whichever is later.

Respondent has paid his fine and assessment, fulfilled his community service obligation and made full restitution to Merrill Lynch. However, it later came to petitioner's attention that respondent had indeed engaged in the practice of law since his interim suspension, in violation of our interim order. The circumstances were that a friend and former client had been asked to submit to deposition before the Organized Crime Task Force in connection with a civil forfeiture investigation. The friend, fearing for the safety and security of his family if forced to testify, asked respondent to represent him in seeking some form of witness protection. Respondent's negotiations on behalf of his friend extended from September 1990 through February 1991. It was not until May 24, 1991 that respondent informed the Task Force representative that he could no longer represent his friend because of his own suspension from the practice of law. There is no indication that respondent profited financially from this concededly unauthorized attorney-client relationship. Upon hearing this added allegation, the Panel recommended an additional six-month suspension, consecutive to respondent's two-year suspension nunc pro tunc November 1, 1990.

Petitioner seeks confirmation of the Hearing Panel's report, and adoption of its recommendation. Respondent's three-year period of Federal probation has been served, and he has now asked for automatic reinstatement upon expiration of the recommended 2½-year suspension. That 2½-year period has expired since the notice of this latest application.

There is no provision for automatic reinstatement where suspension is for a period of more than six months. Where suspension has exceeded six months, reinstatement may only be granted upon formal application in accordance with section 603.14 of the rules of this Court (22 NYCRR). That includes, *inter alia,* meeting the Character and Fitness Committee, passing the Multistate Professional Responsibility Examination, submitting a (waivable) fee of $250, and submitting a

detailed petition as outlined in section 603.14 (m). Respondent has submitted the petition, but his application is otherwise premature because he has not complied with the other requirements of the rule.

Accordingly, the petition should be granted and respondent considered to have been suspended from the practice of law for 2½ years, nunc pro tunc November 1, 1990, or until satisfaction of his period of Federal probation, whichever is later. We take note of the facts that both the 2½-year period of suspension from practice and the three-year period of probation have terminated. Respondent's request for automatic reinstatement should be denied, without prejudice to an application filed in accordance with 22 NYCRR 603.14.

MURPHY, P. J., CARRO, ELLERIN, WALLACH and ASCH, JJ., concur.

Motion granted insofar as to suspend respondent from practice as an attorney and counselor-at-law in the State of New York for a period of 2½ years, nunc pro tunc November 1, 1990, or until satisfaction of his period of Federal probation, whichever is later. Respondent's request for automatic reinstatement is denied, without prejudice, to an application filed in accordance with 22 NCYRR 603.14.