[604 NYS2d 96]

In the Matter of MELVIN M. KAZDIN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 30, 1993

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael S. Ross* of counsel *(LaRossa, Mitchell & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Melvin M. Kazdin was admitted to practice in New York by the Second Judicial Department on December 18, 1957 and at all times relevant herein has maintained an office for the practice of law within the First Judicial Department. On January 7, 1992 respondent pleaded guilty in the United States District Court for the Eastern District of New York to one count of tampering with a witness in violation of 18 USC § 1512 (b) and one count of tax evasion in violation of 26 USC § 7201, both felonies under the United States Code. On May 4, 1992, respondent was sentenced to a fine of $150,000 plus a special assessment of $100, six months' electronic house arrest and five years' probation on each count, to run concurrently, as well as 400 hours of community service. By order entered October 29, 1992 (183 AD2d 108), this Court determined that the crimes of which respondent was convicted are "serious crimes" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), referred the matter to the Disciplinary Committee to conduct a hearing and issue a report and recommendation to the Court and suspended respondent from practice pending the determination of the disciplinary proceeding.

The Disciplinary Committee now moves to confirm the Hearing Panel's report and recommendation of a suspension of one year, retroactive to May 4, 1992, the date of respondent's Federal Court conviction, or until the termination of his Federal probation, whichever is longer. Respondent cross-moves to confirm the report and recommendation of the Hearing Panel, including the recommendation that his reinstatement be automatic on conclusion of his suspension. We agree with the Hearing Panel's recommendation as to the appropriate sanction.

Accordingly, respondent's cross motion is granted, respondent is suspended from the practice of law for a period of one year, retroactive to May 4, 1992, or until the termination of respondent's Federal probation, whichever is longer, with the direction that respondent be automatically reinstated on conclusion of his suspension.

MURPHY, P. J., SULLIVAN, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Motion and cross motion both granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, retroactive to May 4, 1992, or until the termination of respondent's Federal probation, whichever is longer, with respondent to be automatically reinstated on conclusion of his suspension.