[606 NYS2d 154]

In the Matter of NED S. BOROWSKY (Admitted as NED SAMUEL BOROWSKY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 1993

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jacob Laufer* of counsel *(Laufer & Farkash,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ned S. Borowsky was admitted to the practice

of law in New York by the Third Judicial Department on June 26, 1980 under the name Ned Samuel Borowsky. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about October 19, 1992 respondent pleaded guilty to two counts of mail fraud (counts 10 and 11), in violation of 18 USC § 1341, which is a felony under the United States Code, in the United States District Court for the Eastern District of Pennsylvania. Respondent was sentenced on February 25, 1993 to: probation for three years, five months of house arrest with electronic monitoring, and participation in a drug testing and abuse program. Respondent was also fined $20,000 and assessed $100.

Respondent's conviction arose out of events which took place between early 1989 and late 1990 when he, while acting as President of North American Publishing Company, caused invoices to be mailed from North American which charged advertisers for deck packs (direct mail advertisements given as supplements to certain trade magazines) that were not circulated.

The Departmental Disciplinary Committee moves for an order determining that the crime respondent has been convicted of is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent pursuant to Judiciary Law § 90 (4) (g) to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Counsel for respondent states that he does not oppose the Committee's request for an interim order of suspension and requests that a hearing be ordered so that respondent may have the opportunity to present the circumstances of the offense to which he pleaded guilty and evidence respecting his character, reputation and fitness to engage in the practice of law.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state".

Section 603.12 (b) of the rules of this Court (22 NYCRR) states in pertinent part as follows: "The term 'serious crime'

shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

Respondent has been convicted of mail fraud in violation of 18 USC § 1341, which is a felony under the laws of the United States. Accordingly, we deem the offense respondent has been convicted of to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d).

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. Suspension may be set aside only upon good cause shown, "when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."

In the case at bar, respondent is presently serving a three-year term of probation. It has long been this Court's policy that an attorney should not be permitted to practice law while on probation. *(Matter of Lowell,* 88 AD2d 128; *Matter of Richter,* 93 AD2d 505; *Matter of Hust,* 129 AD2d 156.)

Accordingly, the application by the Departmental Disciplinary Committee is granted and we deem the offense respondent has been convicted of to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and suspend respondent from the practice of law pending a final determination of this proceeding pursuant to Judiciary Law § 90 (4) (f). In addition, since a hearing is statutorily mandated pursuant to Judiciary Law § 90 (4) (h) and respondent has requested the opportunity to present evidence in mitigation, respondent is directed to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

MURPHY, P. J., SULLIVAN, KUPFERMAN, ASCH and KASSAL, JJ., concur.

Application granted and offense of which respondent has been convicted deemed "a serious crime", respondent ordered to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.