[607 NYS2d 308]

In the Matter of NORMAN I. LIDA (Admitted as NORMAN IRWIN LIDA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 8, 1994

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*David Wikstrom* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Norman Irwin Lida, was admitted to the prac-

tice of law in New York in the First Judicial Department on December 13, 1965. At all times relevant to the matters herein he has maintained an office for the practice of law within the First Judicial Department.

By petition dated October 12, 1993 the Departmental Disciplinary Committee seeks an order determining that the respondent has been convicted of "serious crimes" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). The Committee also seeks an order suspending the respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing the respondent to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment shall not be made.

On or about June 16, 1993 the respondent was found guilty, after a jury trial in United States District Court for the Southern District of New York, of one count of conspiracy to launder monetary instruments in violation of 18 USC § 371 and 16 counts of laundering of monetary instruments, in violation of 18 USC § 1956 (a) (1) (A) (i); (B) (i) and (2). These offenses are felonies under the United States Code. The conviction was the result of respondent's participation in the creation of sham businesses established for the purposes of processing credit card charges of prostitution rings which called themselves escort services. Respondent was sentenced on December 7, 1993 to probation for a period of three years with four months of home detention and 200 hours community service per year.

It is well settled that an attorney on probation may not practice law (Matter of Goldberg, 190 AD2d 269; Matter of Kazdin, 183 AD2d 108; Matter of Hust, 129 AD2d 156, 157).

Accordingly, since the crimes of which the respondent has been convicted are Federal felonies and thus "serious crimes" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), the petition of the Departmental Disciplinary Committee is granted and the respondent is suspended forthwith from the practice of law pending final determination of this proceeding pursuant to Judiciary Law § 90 (4) (f). Respondent is directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

WALLACH, J. P., KUPFERMAN, ROSS, RUBIN and NARDELLI, JJ., concur.

Application granted, the crimes of which respondent has been convicted are deemed "serious crimes", respondent is directed to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is suspended from practice, effective immediately, and until the further order of this Court, all as indicated.