[619 NYS2d 1]

In the Matter of STANLEY R. STERN (Admitted as STANLEY ROBERT STERN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 15, 1994

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lewis Tesser* of counsel *(Segal & Tesser,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stanley R. Stern was admitted to the practice of law in New York by the First Judicial Department on November 30, 1960 under the name Stanley Robert Stern. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee moves for an order pursuant to Judiciary Law § 90 (4) (a) striking respondent's name from the roll of attorneys or, in the alternative, for an order determining that respondent has been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before petitioner, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

In support of its petition, the Committee has presented evidence establishing that respondent was convicted in the United States District Court, Middle District of Florida, of one count of conspiracy to launder money in violation of 18 USC § 371 and one count of money laundering in violation of 18 USC § 1956 (a) (1) (B) (i). On October 14, 1994 respondent was sentenced to a term of imprisonment for a period of five years.

First, we reject petitioner's argument that respondent was convicted under a statute, i.e., 18 USC § 1956 (a) (1) (B) (i), which is essentially similar to New York Penal Law § 470.10 and that he has therefore been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e), which would require a finding that he has been automatically disbarred. The statute under which respondent stands convicted requires that respondent knew that the proceeds which he was accused of laundering were derived from criminal conduct and that he knowingly engaged in a financial transaction to conceal or disguise the source of the proceeds. The New York statute, while also requiring that a defendant have known that the proceeds involved were derived from criminal conduct, requires that he or she have intentionally made the exchange to conceal or disguise the source of the proceeds. Thus, a different mental state, with a more significant level of culpability, is required for a conviction under the New York statute.

Nor is automatic disbarment warranted due to the nature of

respondent's illegal acts. Contrary to the cases cited by petitioner, i.e., *Matter of Catalfo* (181 AD2d 213) and *Matter of Altman* (196 AD2d 390), the misconduct that resulted in respondent's Federal felony convictions was not directly related to respondent's practice of law and no allegation has been made that client funds were involved. Nor is there sufficient evidence before this Court to warrant a determination that respondent placed client funds at risk by commingling them with illegally obtained funds.

In light of our determination that respondent has not already been automatically disbarred, we must consider his request to resign. A necessary requirement of an affidavit of resignation from the Bar is an acknowledgement that one cannot successfully defend on the merits against any pending charges *(see,* 22 NYCRR 603.11). A review of respondent's affidavit of resignation reveals that he does not admit that he cannot successfully defend himself against the charges relating to his Federal conviction and does not admit that he cannot successfully defend himself against other, additional, pending charges, which are unrelated to those discussed herein. It is, as a result, unacceptable.

Finally, while we do not find that respondent has been automatically disbarred, we find, and respondent concedes, that the Federal felonies of which he has been convicted are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) *(Matter of Lida,* 195 AD2d 237).

Accordingly, the Committee's petition, insofar as it requests an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), should be denied. The Committee's petition, insofar as it seeks an order determining that respondent has been convicted of a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before petitioner, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made, should be granted.

CARRO, J. P., ELLERIN, WALLACH, ASCH and TOM, JJ., concur.

Petition, insofar as it requests an order striking respondent's name from the roll of attorneys and counselors-at-law

in the State of New York, is denied, respondent is directed to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the petition, respondent is forthwith suspended from practice as an attorney and counselor-at-law in the State of New York, all as indicated.