[624 NYS2d 133]

In the Matter of STANLEY R. STERN (Admitted as STANLEY ROBERT STERN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 21, 1995

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Stanley R. Stern,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Stanley R. Stern was admitted to the practice of

law in the State of New York by the First Judicial Department on November 30, 1960 under the name Stanley Robert Stern. At all times relevant herein respondent had maintained an office for the practice of law within the First Judicial Department.

On or about July 30, 1993, respondent was served by petitioner with notice and a statement of charges alleging that he converted insurance proceeds to his own use, failed to maintain proper escrow account balances, failed to pay his client the proceeds for one year, failed to promptly deposit the insurance proceeds into his escrow account, failed to account to his clients for their funds, and failed to keep proper records of their funds. A Hearing Panel of the Committee has completed evidentiary hearings on the merits of these matters but has not yet made findings of fact and conclusions of law.

Subsequently, respondent was convicted in the United States District Court, Middle District of Florida, of one count of conspiracy to launder money in violation of 18 USC § 371 and one count of money laundering in violation of 18 USC § 1956 (a) (1) (B) (i). By order and decision entered November 15, 1994 *(Matter of Stern,* 205 AD2d 162), this Court determined that respondent's convictions constituted "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and referred the matter to the Disciplinary Committee for a hearing as to sanction.

Respondent now seeks, for the second time, to resign from the practice of law in the State of New York. A review of his affidavit of resignation reveals that it fully complies with the requirements of section 603.11 of this Court's Rules governing the conduct of attorneys. Respondent acknowledges that (1) he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily tendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) he cannot successfully defend himself on the merits against the formal charges which have been filed against him by the Disciplinary Committee.

Accordingly, respondent's resignation should be accepted and his name struck from the roll of attorneys, effective December 2, 1994, the date of his affidavit of resignation.

SULLIVAN, J. P., ELLERIN, WALLACH, ASCH and TOM, JJ., concur.

Motion granted, and the resignation of respondent accepted and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective as of December 2, 1994, all as indicated in the order of this Court.