[627 NYS2d 688]

In the Matter of NORMAN I. LIDA (Admitted as NORMAN IRWIN LIDA), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1995

APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent, Norman Lida, was admitted to the practice of law in the State of New York in the First Judicial Department on December 13, 1965. By petition dated October 12, 1993, the Departmental Disciplinary Committee sought, *inter alia,* an order determining that the respondent had been convicted of "serious crimes" as defined in Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). The petition was based upon respondent's conviction, after a jury trial in the United States District Court for the Southern District of New York, of one count of conspiracy to launder monetary instruments and 16 counts of laundering monetary instruments. Respondent was sentenced on December 7, 1993, to probation for a period of three years with four months of home detention and 200 hours community service per year. By order entered February 8, 1994, this Court determined that the crimes of which the respondent was convicted were "serious crimes", directed the respondent to show cause why a final order of suspension or disbarment should not be made and suspended the respondent from the practice of law pending final determination of the petition *(Matter of Lida,* 195 AD2d 237).

At the hearing, it was established that the crimes of which the respondent was convicted were committed in concert with two other men. The three individuals agreed to set up a series of dummy corporations whose only function would be to establish merchant accounts with credit card companies and in turn offer the use of those accounts to so-called escort services. Customers of the escort services could then charge the services to their credit cards and the companies established by the respondent would pay the escort services the face amount of the charge less a servicing fee. The respondent's companies would then collect the face amount of the charge. The theory of the prosecution against the respondent was that he was laundering money and facilitating prostitution. Respondent's co-conspirators pleaded guilty and did not stand trial. They were not lawyers. In mitigation the respondent affirmed that he was innocent of any fraudulent or deceptive intent. Respondent's characterization of his acts reflects that he believed that he was doing nothing more than providing a service for escort companies.

Respondent's acts were by their nature deceptive, therefore, we give little weight to the minimal mitigating factors offered.

It has long been the policy of this Court that an attorney who is on probation should not be permitted to practice law *(see, Matter of Goldberg,* 190 AD2d 269; *Matter of Kazdin,* 183 AD2d 108). Moreover, suspension is a justified sanction where an attorney has engaged in deceptive conduct *(Matter of Feldman,* 158 AD2d 89). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years or a period coterminous with his probation, whichever is longer, and until further order of this Court.

Accordingly, the motion of the Departmental Disciplinary Committee is granted, the Hearing Panel's report confirmed and the respondent is hereby suspended from the practice of law for three years nunc pro tunc to February 8, 1994, or a period coterminous with his Federal probation, whichever is longer, and until further order of this Court.

WALLACH, J. P., RUBIN, KUPFERMAN, ROSS and NARDELLI, JJ., concur.

Hearing Panel's report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years nunc pro tunc to February 8, 1994, or a period coterminous with his Federal probation, whichever is longer, and until the further order of this Court.