(December 19, 1995)

■ In the Matter of Eugene D. Micci, an Attorney, Respondent. [636 NYS2d 668] —Per Curiam. Attorney Micci was admitted to practice by this Court in 1980. In November 1995, in compliance with Judiciary Law § 90 (4) (b), he filed with this Court a copy of a judgment convicting him, upon a plea of guilty, of three counts of violation of 18 USC § 1014, making false statements to a Federally-insured financial institution. The judgment was entered in the United States District Court for the District of Connecticut. He was sentenced on May 11, 1995, to a term of probation of 36 months. Probation conditions included a term of four months of home confinement with electronic monitoring, nine months of full time community service as a volunteer with Connecticut Legal Services, and restitution to the FDIC as receiver for two Connecticut banks and to a third Connecticut bank totalling $733,589.98.

---

Attorney Micci has been convicted of a serious crime as that term is defined in Judiciary Law § 90 (4) (d) (*see, Matter of Cecil*, 188 AD2d 831). We therefore direct that he be suspended from the practice of law until such time as a final disciplinary order is entered and that he show cause why a final order of suspension, censure or removal from office should not be made (*see,* Judiciary Law § 90 [4] [f], [g]).

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that attorney Eugene D. Micci is hereby suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that for the period of suspension Eugene D. Micci be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counsellor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that Eugene D. Micci shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered that Eugene D. Micci is hereby directed to show cause before this Court, at the February term, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).