(March 13, 1996)

■ In the Matter of Eugene D. Micci, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [639

NYS2d 642] —Per Curiam.

By decision dated December 19, 1995, this Court found that respondent had been convicted of a serious crime as that term is defined in Judiciary Law § 90 (4) (d), suspended him from practice until such time as a final disciplinary order is entered, and ordered him to show cause why a final disciplinary order should not be made (*Matter of Micci*, 222 AD2d 888). As noted in the decision, respondent was convicted, upon his plea of guilty, in the United States District Court for the District of Connecticut, of three counts of making false statements to a Federally-insured financial institution. He was sentenced on May 11, 1995, to a term of probation of 36 months. Probation conditions included a term of four months of home confinement with electronic monitoring, nine months of full time community service as a volunteer with Connecticut Legal Services, and restitution to the FDIC as receiver for two Connecticut banks and to a third Connecticut bank totalling $733,589.98. On June 14, 1995, by agreement between respondent and the Connecticut Statewide Grievance Committee, respondent was placed on interim suspension in that State. Respondent and the Connecticut Committee have stipulated that a final order may be entered suspending respondent from practice for a period of 15 months, said suspension to expire December 1, 1996.

In mitigation of his professional misconduct, respondent asserts that at the time he submitted a false financial statement dated November 1, 1987, to three banks in Connecticut in connection with loan applications, he had the means and intent to repay the loans but that financial reversals beyond his control, such as the stock market crash in October 1987, prevented timely repayment. He states he has negotiated settlements with the three victim banks. The many laudatory character letters submitted to the District Court sentencing Judge indicate respondent has had a distinguished legal and civic career in Connecticut and a hitherto unblemished disciplinary record, highlighted by two terms in the mid 1970s as mayor of Darby, a term as chairman of the board of directors of a Connecticut bank, and service as Legislative Commissioner for the State of Connecticut.

We conclude that respondent's suspension should be continued for a period coterminous with his Federal probation sentence and until further order of this Court (*see, e.g., Matter of Lida*, 211 AD2d 255).

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that respondent's suspension from practice be, and hereby is, continued for a period coterminous with his Federal probation sentence and until further order of this Court; and it is further ordered that for the period of the suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another of an opinion as to the law or its application, or of any advice in relation thereto.