[642 NYS2d 654]

In the Matter of HARVEY WEINIG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 16, 1996

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Susan Brotman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Harvey Weinig was admitted to the practice of law in New York by the Second Judicial Department on May

7, 1975. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On September 21, 1995, in the United States District Court for the Southern District of New York, in satisfaction of a multicount indictment charging his active participation in an extensive conspiracy to launder money that was the proceeds of illegal narcotics sales, respondent pleaded guilty to violating 18 USC §§ 371 and 1956, the Federal money-laundering statute, and forfeited assets used in furtherance of the conspiracy pursuant to 18 USC § 982 (a) (1) and (b) (2) and 21 USC § 853 (p). Additionally, respondent pleaded guilty to the only count of a separate felony information charging him with unlawfully concealing the abduction of an individual whom he knew was being extorted, in violation of 18 USC §§ 2, 4 and 1951.

Respondent's Federal conviction for conspiring to launder money is not the equivalent of a New York felony conviction for enterprise corruption as defined in Penal law article 460. The record does not establish that the respondent engaged in a "pattern of criminal activity" as that term is defined in Penal Law § 460.10 (4) (*see, People v Cantarella,* 160 Misc 2d 8 [Sup Ct, NY County 1993]). We note too, as we held in *Matter of Stern* (205 AD2d 162), that the elements of the Federal money-laundering statutes are not sufficiently similar to New York's money-laundering statute, Penal Law § 470.10, to trigger the automatic disbarment provisions of Judiciary Law § 90 (4) (a).

Nor is respondent's conviction for concealing the abduction of an individual, whom he knew was being extorted, in violation of 18 USC §§ 2, 4 and 1951, the equivalent of a conviction of the New York felony of coercion in the first degree, as defined in Penal Law § 135.65. Respondent pleaded guilty to knowing of and concealing the extortion and abduction of an individual after the fact. Inasmuch as it was neither alleged nor proven that he aided or abetted or actually participated in carrying out the underlying crimes against the victim, it cannot be said that the factual record establishes coercion in the first degree.

In light of the foregoing, the petition to strike the respondent's name from the roll of attorneys upon the ground that he automatically ceased to be an attorney upon pleading guilty to two Federal felonies must be denied. Rather, as in *Stern (supra),* the Federal crimes to which respondent pleaded guilty

constitute "serious crimes" as defined in Judiciary Law § 90 (4) (d) and respondent would ordinarily be entitled to a hearing as to sanction. Respondent seeks to waive a hearing and to tender his resignation from the Bar.

Our review of the record in this matter reveals that respondent engaged in a course of conduct that can only be described as shocking and reprehensible for anyone, let alone a member of the Bar. Were it not for respondent's application pursuant to 22 NYCRR 603.11 to resign from the Bar on the basis that he is the subject of an investigation or disciplinary proceeding for misconduct against which he cannot successfully defend himself, a "serious crimes" hearing would have been held. We have reviewed the respondent's affidavit submitted in support of his application to resign and find that it complies with the Court's rules. It should be emphasized that, based on the extant record, were this respondent to have proceeded to a "serious crimes" hearing, the only appropriate sanction would have been disbarment.

Accordingly, respondent's resignation is accepted, and his name shall be stricken from the roll of attorneys.

MILONAS, J. P., WALLACH, NARDELLI, WILLIAMS and MAZZARELLI, JJ., concur.

Petition denied, cross motion granted, and the resignation of respondent accepted, effective May 16, 1996.