[663 NYS2d 161]

In the Matter of PHILIP LEE (Admitted as PHILIP L. K. LEE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 1997

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Philip Lee was admitted to the practice of law in the State of New York by the First Judicial Department on

February 14, 1978, as Philip L. K. Lee. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about August 8, 1996, respondent pleaded guilty in the United States District Court for the Northern District of Georgia, Atlanta Division, to one count of conspiring to conceal the nature of monetary transactions of property derived from unlawful activity in violation of 18 USC § 1956 (h), a felony under the United States Code. The information alleged that respondent was involved in a conspiracy to conceal drug money. Respondent was sentenced on or about January 7, 1997 to the following: 15 months' imprisonment; after imprisonment, three years of Supervised Release, including 200 hours of community service; a special assessment of $50; and restitution to the United States of America in the total amount of $22,400, payable $100 monthly.

The Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made. Respondent has not interposed a response.

It has long been the policy of this Court that an attorney convicted of a felony and serving criminal probation should not be permitted to practice law (see, Matter of Witchell, 220 AD2d 153). Respondent is currently incarcerated and will thereafter be serving probation ("Supervised Release") for an additional three years.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state".

The crime of which respondent stands convicted constitutes a "serious crime" since pursuant to this section, a felony under United States law which does not constitute a felony under New York law is a serious crime.

Accordingly, the Committee's petition is granted, and the offense of which respondent has been convicted is deemed a "seri-

ous crime" pursuant to Judiciary Law § 90 (4) (d). The Committee's petition seeking an order suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) is also granted, and respondent is suspended forthwith and until further order of this Court. Respondent is directed pursuant to Judiciary Law § 90 (4) (g) to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and COLABELLA, JJ., concur.

Petition granted, and the crime of which respondent has been convicted is deemed a "serious crime", and respondent is suspended from the practice of law, effective forthwith, and until the further order of this Court. Respondent is directed to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.