[719 NYS2d 859]

In the Matter of PETER D. HIRSCHL (Admitted as PETER DAVID HIRSCHL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 8, 2001

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Peter D. Hirschl,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Peter D. Hirschl was admitted to the practice of

law in the State of New York by the First Judicial Department on July 26, 1982, as Peter David Hirschl. At all times relevant to this proceeding, he has maintained an office for the practice of law in Hartford, Connecticut, where he also is admitted.

On or about September 23, 1999, respondent pleaded guilty in the United States District Court for the District of Connecticut to one count of conspiring to engage in a monetary transaction in criminally derived property in violation of 18 USC § 1956 (h) and § 1957. Respondent has not yet been sentenced, although the conviction is a sufficient predicate for the present petition (*Matter of Charny*, 257 AD2d 18). The information alleged that respondent was involved in a conspiracy to launder $230,000 received from another. The crime of which respondent was convicted, a felony under Federal law, constitutes a serious crime by operation of Judiciary Law § 90 (4) (*Matter of Lee*, 235 AD2d 110), though not warranting automatic disbarment by operation of 22 NYCRR 603.12 (b). It has long been our policy that an attorney convicted of a felony should not be permitted to practice law during the pendency of disciplinary proceedings (*Matter of Agulnick*, 235 AD2d 57), though we recognize that the Departmental Disciplinary Committee cannot proceed with a serious crime hearing until respondent has been sentenced and a judgment entered (Judiciary Law § 90 [4] [g]). The Committee requests that we direct that the hearing be held within 90 days of respondent's sentence. Respondent does not contest the serious crime designation, the interim suspension or the scheduling of a hearing pursuant to such a time schedule.

Accordingly, the petition to deem the crime of which respondent was convicted a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and to suspend respondent from the practice of law forthwith and until further order of this Court, should be granted and respondent directed, pursuant to Judiciary Law § 90 (4) (g), to show cause, before a Referee appointed by the Court who shall thereupon hold a hearing within 90 days of respondent's sentencing and issue a report and recommendation, why a final order of censure, suspension or disbarment should not be made.

NARDELLI, J. P., TOM, LERNER, BUCKLEY and FRIEDMAN, JJ., concur.

Petition granted insofar as to deem offense of which respondent has been convicted a "serious crime"; to suspend respondent from the practice of law in the State of New York, effec-

tive the date hereof, and until the further order of this Court; and to direct respondent to show cause before a Referee why a final order of censure, suspension or disbarment should not be made, all as indicated.