[802 NYS2d 114]

In the Matter of LUIS A. FLORES (Admitted as LUIS ALBERTO FLORES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 3, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*La Trisha A. Wilson* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Luis A. Flores was admitted to the practice of law in the State of New York by the First Judicial Department on January 22, 1996, as Luis Alberto Flores. At all times relevant to these proceedings, he maintained an office for the practice of law within this judicial department.

On September 21, 2004, respondent was convicted of conspiracy to launder money in violation of 18 USC § 1956, money laundering (three counts) in violation of 18 USC § 1957, and conspiracy to structure transactions in violation of 18 USC § 371.

The Departmental Disciplinary Committee now petitions this Court for an order determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and for a hearing before a referee as to the appropriate sanction.

This Court has previously determined that the offenses of which respondent has been convicted constitute "serious crimes" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (*see Matter of Hirschl*, 280 AD2d 172 [2001]; *Matter of Lee*, 235 AD2d 110 [1997]; *Matter of Weinig*, 220 AD2d 184 [1996]), a point undisputed by respondent. Accordingly, that part of the petition seeking an interim suspension of respondent forthwith from the practice of law pursuant to Judiciary Law § 90 (4) (f) should be granted on consent, it having long been the policy of this Court that an attorney convicted of a felony should not be permitted to practice law during the course of disciplinary proceedings (*see Matter of Hirschl, supra*). Respondent's request that this suspension be imposed nunc pro tunc as of January 20, 2005, the date of his sentencing, is denied, as there is no evidence that he stopped practicing law on that date.

Respondent, immediately upon his release from prison, is directed to so inform the Committee and to show cause before a referee to be appointed by the Court pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 603.12 (a) why a final order of censure, suspension or disbarment should not be made, and the referee shall hold a hearing within 90 days from the date of respondent's release from prison and issue a report and recommendation. The branch of respondent's cross motion requesting

that we bypass the referee's hearing and send the issue of the appropriate sanction directly to a hearing panel should be denied.

BUCKLEY, P.J., TOM, MAZZARELLI, SAXE and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately and until further order of the Court, as indicated. Cross motion granted to the extent indicated and otherwise denied.