Matter of Lindenbaum (2019 NY Slip Op 03018)





Matter of Lindenbaum


2019 NY Slip Op 03018


Decided on April 23, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische,Justice Presiding,
Troy K. Webber
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton,Justices.


M-937

[*1]In the Matter of Herbert G. Lindenbaum, (admitted as Herbert Gerald Lindenbaum), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Herbert G. Lindenbaum, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Herbert G. Lindenbaum, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 21, 1962.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.



PER CURIAM


Respondent Herbert G. Lindenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on December 21, 1962, under the name Herbert Gerald Lindenbaum. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) and respondent jointly seek an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend respondent from the practice of law for one year, retroactive to September 20, 2018, the date of his interim suspension,[FN1] or for the period of his supervised release, whichever is longer, based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the instant motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent.
The parties agree on the stipulated facts, including that on October 12, 2017, respondent pleaded guilty in the United States District Court for the Southern District of New York to evasion of payment of income taxes in violation of 26 USC § 7201, a felony.
On January 11, 2018, respondent was sentenced to three years of supervised release, with six months of home confinement, and directed to pay $3,392,211 in restitution for his unpaid tax liability for the tax years 1999 through 2013.
Respondent conditionally admits that the crime to which he pled guilty, namely, tax evasion in violation of 26 USC § 7201, constitutes a "serious crime" within the meaning of Judiciary Law § 90(4)(d), that the stipulated facts discussed above establish that he violated the New York Rules of Professional Conduct, and that during the plea hearing, criminal prosecutors accurately described the acts which formed the basis for his guilty plea -
"there are three essential elements of Count One: First,
an affirmative act that constitutes an attempt to evade or defeat a tax or a payment of that tax; second, that an additional tax is in fact due and owing; and, third, that this [r]espondent committed these acts willfully,
"Our evidence to establish those elements would consist of [respondent's] own tax returns he filed for the period from 1999-2013, the records of payments that he did in fact make to the IRS during the period, records of IRS levies that were placed on [respondent] during the period, and his bank account records which indicate, among other things, that he sent business checks directly to his wife's account, that he paid personal expenses directly from his business accounts and from accounts of his clients, that he made payments to his family members for work they did not in fact complete, [that] he cashed checks made out to his business accounts and kept that cash, and he closed certain business accounts to avoid IRS levies and then opened other bank accounts to continue on with his business."
The following factors in aggravation and mitigation exist herein:
During the years respondent failed to pay his income taxes (1999-2013), he was earning significant income as an attorney and, as noted, he was ordered to pay $3,392,211 in restitution to the United States Treasury.
Respondent, who is 81-years-old, has been a successful practicing trial attorney since 1962 and his disciplinary record is previously unblemished; he has acknowledged his guilt, cooperated with the AGC's investigation, accepted full responsibility for his misconduct, and expressed remorse;
Respondent has had, and continues to have, significant family tragedy which has affected his ability to support himself and his family, namely: one of his daughters died from brain cancer four years after her initial diagnosis and the cost of her medical treatment required respondent to spend much of his income for her care; his second daughter, who lives at home with respondent and his wife, is unable to support herself because of a misdiagnosed disease (Lyme's Disease) when she was 5-years-old, and as an adult she has been rendered virtually immobile and her medical condition has resulted in significant expenses for respondent; respondent himself suffers from significant physical (cardiac) illness; and
Numerous letters attesting to respondent's good character and the respect his colleagues at the Bar have for him were submitted to the federal court as part of his sentencing; the court considered respondent's personal circumstances and found them of such significance that, instead of following the U.S. Sentencing Guidelines and imposing a term of imprisonment, it sentenced respondent to three years of supervised release and six months home confinement. The parties agree that, balancing the aggravating factor against respondent's "compelling and mitigating personal circumstances" and "consistent with current relevant case law on the subject," the appropriate sanction herein is a one-year suspension, retroactive to September 20, 2018 (date of interim suspension), or for the period of respondent's supervised release, whichever is longer (see Matter of Lee, 235 AD2d 110, 111 [1st Dept 1997]).
As to the relevant case law, the parties cite to, inter alia, Matter of Cohen (159 AD3d 113 [1st Dept 2018]) in which this Court granted a joint motion for discipline by consent and imposed a 2½-year suspension retroactive to the date of the attorney's interim suspension for his federal tax conviction and five-year failure to meet tax obligations. As to mitigation, this Court noted Cohen's acceptance of responsibility, remorse, his previously unblemished disciplinary history, his filing of all outstanding federal and state tax returns and payment of $118,000 in payments toward his tax liability, his ongoing negotiations with tax authorities for settlement of his tax debt, his dedication to indigent clients and pro bono work in international human rights matters, his compliance with the terms of his interim suspension, and the consequences of his misconduct which included 11 months in prison.
In addition, the parties cite to Matter of Roisman (89 AD3d 164 [1st Dept 2011]) in which this Court imposed a one-year suspension based on a misdemeanor tax conviction. The aggravation included Roisman's failure to file New York State tax returns and pay his state taxes for seven years despite the financial ability to do so. The parties also cite to Matter of Rehbock (260 AD2d 58 [1st Dept 1999]), Matter of Kazdin (194 AD2d 13 [1st Dept 1993]), and Matter of Wernick (128 AD2d 260 [1st Dept 1987]).
Accordingly, the parties' motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to September 20, 2018, or for the period of his supervised release, whichever is longer.
All concur.
Order filed. [April 23, 2019]
The parties' joint motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to September 20, 2018, or for the period of his supervised release, whichever is longer.



Footnotes

Footnote 1: In September 2018, this Court determined that the tax related crime respondent was convicted of constituted a "serious crime," immediately suspended him from the practice of law, and directed a sanction hearing be held (165 AD3d 53 [1st Dept 2018]).