Matter of Nguyen (2023 NY Slip Op 04703)

Matter of Nguyen

2023 NY Slip Op 04703

Decided on September 21, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 21, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Justice Presiding
Saliann Scarpulla Manuel Mendez Martin Shulman John R. Higgitt
Justices.

Motion No. 2023-02759 Case No. 2023-03106 

[*1]In the Matter of Jack H.C. Nguyen (Admitted as Jack Huu-Chinh Nguyen), An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jack H.C. Nguyen, (OCA Atty. Reg. No. 4136297.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jack H.C. Nguyen, was admitted, as Jack Huu-Chinh Nguyen, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 10, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Megan Zavieh, Esq., for respondent.

PER CURIAM 

Respondent Jack H.C. Nguyen was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2003, under the name Jack Huu-Chinh Nguyen. Respondent maintains a registered address in California. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On December 6, 2022, respondent pleaded guilty in the United States District Court for the Central District of California Western Division to one count of Conspiracy to Launder Monetary Instruments in violation of 18 USC § 1956(h). Respondent's conviction stemmed from his conspiring with others in early 2013 to create a foundation to launder and conceal proceeds from the sale of illegal narcotics and illegal weapons. On April 24, 2023, respondent was sentenced to incarceration for one year and one day, followed by two years of supervised release, and fined $50,000.
The Attorney Grievance Committee (Committee) seeks an order determining that the crime of which respondent has been convicted is a "serious crime" under Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to Judiciary Law §90(4)(f) and 22 NYCRR 1240.12(b)(2); and directing respondent to show cause before a referee appointed by the Court, within 90 days of his release from prison, why a final order of censure, suspension, or disbarment should not be made under Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2).
Respondent, through counsel, does not oppose the Committee's request for "serious crime" related relief, including his interim suspension. Respondent also does not oppose the request for a sanctions hearing, provided that he be permitted to appear and show cause after his release from prison.
This Court has previously determined that respondent's crime, Conspiracy to Launder Monetary Instruments in violation of 18 USC § 1956(h), is a "serious crime" under Judiciary Law § 90(4)(d) (see Matter of Flores, 23 AD3d 79 [1st Dept 2005]; Matter of Hirschl, 280 AD2d 172 [1st Dept 2001]; Matter of Lee, 235 AD2d 110 [1st Dept 1997]; Matter of Weinig, 220 AD2d 184 [1st Dept 1996]).
We have also consistently held that during the pendency of a "serious crime" proceeding it is appropriate to impose an interim suspension under Judiciary Law § 90(4)(f) where, as here, the attorney [*2]has been convicted of a felony and is serving a term of probation or imprisonment (see Matter of Stein, 137 AD3d 104, 106 [1st Dept 2016]).
Accordingly, the Committee's motion to deem respondent's offense to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) should be granted. Respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii). Pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent is directed, within 90 days from the date of his release from prison, to show cause before a referee appointed by this Court as to why a final order of censure, suspension, or disbarment should not be made.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee of the First Judicial Department to deem the offense of which respondent, Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen has been found guilty, to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d), is granted, and respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR(c)(2)(ii), effective the date hereof, and until such time as pending disciplinary matters have been concluded, and until further order of this Court; and
It is further Ordered that pursuant to Judiciary Law § 90(4)(g) and (h) and 22 NYCRR 1240(c)(2)(i) and (iv), respondent, Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, is directed, within 90 days from the date of his release from prison, to show cause before a referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d); and
It is further Ordered that pursuant to Judiciary Law § 90, during the period of suspension respondent, Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Jack H.C. Nguyen, admitted as Jack Huu-Chinh Nguyen, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that James T. Shed, Esq., 172 West 82nd Street, Apartment 4C, New York, NY 10024, (212) 580-2116, jimshed28&commat;gmail.com, is appointed as Referee to hold a hearing, and to issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered[*3]: September 21, 2023