[663 NYS2d 533]

In the Matter of WILLIAM A. GOGEL (Admitted as WILLIAM ALAN GOGEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 1997

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard E. Mischel* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York

by the Second Judicial Department on March 13, 1968, as William Alan Gogel. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 22, 1997, respondent pleaded guilty in the United States District Court for the Southern District of New York to the crime of conspiring to evade the payment of taxes by union officials and structuring currency transactions, in violation of 18 USC § 371, which is a felony under the United States Code. Specifically, the information alleges that respondent paid more than $200,000 to union officials as a condition of his firm continuing to provide legal services to the union without disclosure of these payments to the union members. Respondent then assisted the union officials in hiding these payments from the Internal Revenue Service by structuring cash payments under $10,000 to the officials. Respondent has not yet been sentenced.

By petition dated July 17, 1997, the Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Respondent's attorney has submitted a letter confirming that respondent does not contest that he has been convicted of a "serious crime" and that a hearing should be conducted to determine an appropriate sanction. Counsel asserts, however, that an interim suspension is not warranted because respondent's "conduct does not represent an immediate danger to the public (cf. *Matter of Richard Yao*, [231 AD2d 346] [1st Dept.] N.Y.L.J., 7/21/97, p 6)."

The crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state". Section 603.12 (b) of the Rules of this Court states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provi-

sions of subdivision 4 of section 90 of the Judiciary Law." The crime of which respondent has been convicted, conspiring to evade the payment of taxes by union officials and structuring currency transactions, in violation of 18 USC § 371, is a "serious crime" insofar as it is a felony under the United States Code.

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policy that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (see, Matter of Martin, 160 AD2d 132; Matter of Winograd, 148 AD2d 214). The Committee need not demonstrate that respondent represents an immediate danger to the public when he has been convicted of a crime as opposed to a proceeding under 22 NYCRR 603.4 (e) (1).

Accordingly, the Committee's petition to: deem the crime of which respondent has been convicted to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the Rules of this Court; suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and direct respondent to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made, should be granted.

ELLERIN, J. P., WILLIAMS, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Petition granted, and the crime of which respondent has been convicted is deemed a serious crime, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court. Respondent is directed, within 90 days from the date of entry of this order, to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court why a final order of censure, suspension or disbarment should not be made.