[663 NYS2d 214]

In the Matter of BARRY W. AGULNICK (Admitted as BARRY WARREN AGULNICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 1997

#### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard E. Mischel* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Barry W. Agulnick was admitted to the practice

of law in New York by the Second Judicial Department on December 18, 1967, as Barry Warren Agulnick. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

In this application, petitioner Departmental Disciplinary Committee seeks an order determining that respondent has been convicted of a serious crime as defined by Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before petitioner, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

In support, petitioner has set forth proof that, on January 22, 1997, respondent pleaded guilty in the United States District Court for the Southern District of New York to conspiring to defraud the United States, in violation of 18 USC § 371, a felony under the United States Code, based on allegations that respondent, whose law firm was employed by the Transit Police Benevolent Association (TPBA), a fraternal labor organization, made cash payments to TPBA officials as a condition of maintaining his firm's employment by the TPBA without disclosure to the TPBA members and then assisted the officials in evading the disclosure requirements of the Internal Revenue Service by structuring the cash payments.

We find, and, indeed, respondent does not contest, that he has been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d)[1] and 22 NYCRR 603.12 (b).[2]

Judiciary Law § 90 (4) (f)[3] mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final

---

1. Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this State".

2. Section 603.12 (b) of the Rules of this Court states, in pertinent part, "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

3. Judiciary Law § 90 (4) (f) states in pertinent part: "Any attorney and counsellor-at-law convicted of a serious crime * * * shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision.

order is issued. In light of this mandate, we must reject respondent's argument that an interim suspension is not warranted in this matter because petitioner has not demonstrated that respondent's conduct represents an immediate danger to the public. Once an attorney has been convicted of a serious crime petitioner need not further demonstrate that that attorney represents an immediate danger to the public in order to warrant interim suspension (cf., 22 NYCRR 603.4 [e] [1]).[4]

Accordingly, the petition is granted, the offense of which respondent has been convicted is deemed a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the Rules of this Court, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and respondent is directed to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made, and the Committee shall thereupon hold a hearing and issue a report and recommendation to this Court.

ELLERIN, J. P., WILLIAMS, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Petition granted, and the offense of which respondent has been convicted is deemed a "serious crime", and respondent is suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court. Respondent is directed to show cause before the Departmental Disciplinary Committee, within 90 days from the date of entry of this Court's order, why a final order of censure, suspension or disbarment should not be made, and the Committee shall thereupon hold a hearing and issue a report and recommendation to this Court.

---

"Upon good cause shown the appellate division of the supreme court may, upon application of the attorney or on its own motion, set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."

4. Section 603.4 (e) (1) of the Rules of this Court states, in pertinent part, "An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest."