[19 NYS3d 751]

In the Matter of EDGAR H. PALTZER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 2015

---

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Duane Morris* (*Thomas W. Ostrander* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Edgar H. Paltzer was admitted to the practice of law in the State of New York by the First Judicial Department on January 11, 1988.

On August 16, 2013, respondent pleaded guilty in the United States District Court for the Southern District of New York to conspiracy in violation of 18 USC § 371, for conspiring with United States taxpayers and others to defraud the United States and the IRS by evading federal income taxes, and filing false tax returns in violation of 26 USC §§ 7201 and 7206 (1). During his plea allocution, respondent admitted that from 2000 through 2012 he assisted taxpayers in evading their United States tax obligations by, among other things, forming entities and opening bank accounts in Switzerland in the name of these entities, without completing W-9 tax disclosure forms which would have disclosed to the IRS the U.S. taxpayers' interests in the Swiss accounts. This allowed the U.S. taxpayers to conceal from the IRS the income earned in these Swiss bank accounts.

Based on that guilty plea, the Departmental Disciplinary Committee now moves pursuant to Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b) for an order holding that the federal felony constitutes a "serious crime" under Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and referring the matter for a sanction hearing.

Respondent's only response to the motion was to request of the Committee that the matter be stayed pending the completion of his cooperation with the United States Department of Justice.

We find that the crime to which respondent allocuted and pleaded guilty qualifies as a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (*see Matter of Shapiro*, 81 AD3d 25 [1st Dept 2011]; *Matter of Bertel*, 252 AD2d 256 [1st Dept 1999]; *Matter of Agulnick*, 235 AD2d 57 [1st Dept 1997]; *Matter of Gogel*, 235 AD2d 33 [1st Dept 1997]).

Pursuant to Judiciary Law § 90 (4) (f), any attorney convicted of a serious crime shall be suspended upon the court's receipt of such conviction.

Accordingly, the Committee's motion should be granted to the extent of immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing that respondent show cause before a Hearing Panel of the Committee within 90 days of the imposition of his sentence or his release from incarceration, if applicable, why a final order of censure, suspension or disbarment should not be made.

TOM, J.P., ACOSTA, SAXE, MOSKOWITZ and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.