Matter of Paltzer (2019 NY Slip Op 00249)





Matter of Paltzer


2019 NY Slip Op 00249


Decided on January 15, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Rosalyn H. Richter, Judith J. Gische, Peter Tom, Angela M. Mazzarelli, Justices.


M-5146

[*1]In the Matter of Edgar H. Paltzer, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edgar H. Paltzer, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edgar H. Paltzer, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 11, 1988.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Amy C. Gross, Esq., for respondent.



Per Curiam


Respondent Edgar H. Paltzer was admitted to the practice of law in the State of New York by the First Judicial Department on January 11, 1988. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Zurich, Switzerland.
On August 16, 2013, respondent pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to defraud the IRS in violation of 18 USC § 371, a felony. During his plea allocution respondent admitted that, inter alia, from 2000 through 2012, working with others in the Swiss financial industry, he assisted U.S. taxpayers in evading their U.S. tax obligations by, among things, forming entities and opening bank accounts in Switzerland in the name of these entities without completing W-9 tax disclosure forms which would have disclosed the U.S. taxpayers' interests in the Swiss accounts to the IRS, and in filing false tax returns with the IRS. This allowed the U.S. taxpayers involved to conceal the income earned in these Swiss bank accounts from the IRS.
By order of December 3, 2015, this Court deemed respondent's conviction a "serious crime" (Judiciary Law § 90[4][d]); immediately suspended him from the practice of law (Judiciary Law § 90[4][f]); and referred the matter for a sanction hearing to be held within 90 days from respondent's sentencing (Judiciary Law § 90[4][f]) (136 AD3d 33 [1st Dept 2015]).
On March 22, 2018, respondent was sentenced to time served, placed on supervised release for a period of two years, and fined $75,000 (which has been paid).
Respondent now seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. Respondent acknowledges that he is the subject of a pending "serious crime" proceeding and attests that he cannot successfully defend himself against the facts and circumstances of his professional conduct based upon his criminal conviction. Respondent further states that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys.
In addition, respondent attests that the pending disciplinary proceeding does not include charges that he willfully misappropriated or misapplied money or property in the practice of law. He acknowledges that his resignation is submitted subject to any future application by the Committee, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of this Court to make such an order.
Respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent understands further that, in the event this Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to this proceeding, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Attorney Grievance Committee does not oppose the motion.
As respondent's affidavit conforms with 22 NYCRR 1240.10, his motion is granted to the extent of accepting his resignation from the practice of law, disbarring him, and striking his name from the roll of attorneys effective nunc pro tunc to September 19, 2018.
All concur.
Order filed. [January 15, 2019]
The motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 19, 2018.